## 56811. COFER v. GIBSON.

BELL, Chief Judge.

The Department of Public Safety notified appellee that he had been declared an habitual violator and his license had been revoked for a period of five years from February 27, 1978, pursuant to Code Ann. § 68B-308. On appeal, the superior court found that a certified record of a South Carolina court reflecting that appellee had been arrested for driving under the influence, had forfeited bond and paid a fine of $63 was erroneously considered as a conviction by the appellant and therefore appellee had not been convicted of three offenses described in Code Ann. § 68B-308 so as to cause him to be declared a habitual violator under Code Ann. § 68B-308. The court ordered the appellant to reinstate appellee's driver's license. The department appeals. *Held:*

In South Carolina, a conviction is defined to include the forfeiture of any bail or collateral deposited to secure a defendant's appearance in court. Code of Laws of South Carolina, Ann. § 56-1-10 (11). The record of the South Carolina conviction shows that appellee forfeited bail, and the amount of $63 was placed in the space marked "amount of fine." This is consistent with South Carolina's definition of forfeited bail as amounting to a conviction. Nevertheless, the superior court based its order on appellee's testimony that he never posted bond or paid a fine in South Carolina. Appellee may not collaterally attack the South Carolina conviction in the superior court as the judgment is not void on its face. CPA § 60 (Code Ann. § 81A-160). Therefore, the court erred in ruling that the South Carolina judgment was not to be considered by the Department of Public Safety.

Furthermore, the record reveals that appellee entered a plea of nolo contendere to a charge of driving under the influence in Georgia in September, 1975. This plea was not considered by the hearing officer as a basis for revocation, although it should have been pursuant to

Code Ann. § 68B-308 (d). In any event, the record indicates that in addition to the 1971 South Carolina conviction for driving under the influence, appellee was subsequently convicted of the same offense in Georgia in August, 1977, and in January, 1978, appellee was convicted of driving with a suspended license. Therefore, contrary to the superior court's order, the record indicates sufficient convictions to support the determination of appellee as an habitual violator. Code Ann. § 68B-308 (b) (1) (C), (D), and (J).

*Judgment reversed. Shulman and Birdsong, JJ., concur.*

SUBMITTED OCTOBER 30, 1978 — DECIDED DECEMBER 5, 1978 — REHEARING DENIED DECEMBER 20, 1978.

*Arthur K. Bolton, Attorney General, Don Langham, First Assistant Attorney General, John C. Walden, Senior Assistant Attorney General, William B. Hill, Jr., Staff Assistant Attorney General,* for appellant.

*Dupree & Staples, Hylton B. Dupree, Jr.,* for appellee.