## 42020. HARDISON v. MARTIN.
(334 SE2d 161)

GREGORY, Justice.

On June 21, 1980, appellee Martin was charged in Clarke County with the offenses of driving under the influence of alcohol, running a red light and possession of marijuana. On June 24, 1980, Martin was again charged with driving under the influence, and also with attempting to elude a police officer. On September 23, 1980, Martin pled nolo contendere to the DUI offense of June 21 as well as to the possession charge. He pled guilty to the June 24 DUI charge, the charge of running a red light, and the offense of attempting to elude a police officer. Subsequently Martin changed his plea to the offense of attempting to elude a police officer, OCGA § 40-6-395 (a), from guilty to nolo contendere. On February 18, 1981, Martin was sentenced to serve 48 months on probation and fined $700 for these combined offenses. In March 1983, his probation was terminated.

There was apparently a delay in the transmission of Martin's record of convictions to the Department of Public Safety (Department). At some point during 1983 Martin was informally notified by the

Clarke County District Attorney's office that he had, been declared an habitual violator by the Department pursuant to OCGA § 40-5-58 because of the convictions for his June 1980 offenses. In December 1983, Martin filed this petition for habeas corpus in Clarke Superior Court in which he maintained that his conviction for the June 24, 1980 offense of attempting to elude a police officer should be set aside as his plea to this charge had not been voluntarily entered. Appellant Hardison was named respondent to the petition in his official capacity as Commissioner of the Department. On February 2, 1984, Martin was personally served with an official notice that he had been declared an habitual violator by the Department, and that his license was to be revoked for a period of five years from that date. Martin's petition to the Department to reinstate his license was denied on March 9, 1984. Martin appealed this decision to the Superior Court of Clarke County. OCGA § 40-5-66. This de novo appeal has been held in abeyance, however, pending a determination of Martin's petition for habeas corpus.

The habeas court concluded that Martin's plea to the offense of attempting to elude a police officer had not been voluntarily made,[1] and that Martin was suffering the collateral consequences of this plea in that the Commissioner had declared Martin to be an habitual violator, and had revoked Martin's driver's license. The habeas court found the revocation of Martin's driver's license to be a restraint on his liberty for which the remedy of habeas corpus would lie.

The habeas court ordered the Commissioner to strike from departmental records both Martin's conviction of attempting to elude a police officer and his classification as an habitual violator, and to reinstate Martin's driver's license. The Commissioner appeals. OCGA § 9-14-52 (c). We note initially that the Commissioner does not appeal the trial court's substantive finding that Martin's plea to the offense of attempting to elude a police officer was not voluntarily made.

1. The Commissioner argues that Martin is not entitled to a writ of habeas corpus in this case because "he is not 'in custody' within the meaning of the Georgia habeas statute," OCGA § 9-14-1 (c). This section provides: "Any person *restrained of his liberty as a result of a sentence* imposed by any state court of record may seek a writ of habeas corpus to inquire into the legality of the restraint." (Emphasis supplied.)

While "the chief use of habeas corpus has been to seek the re-

---

[1] The habeas court found that Martin entered his plea "without any understanding" of the charge of attempting to elude a police officer. The habeas court further found the undisputed evidence showed that Martin had not committed this offense, as the officer had not "given a visual or an audible signal to bring [Martin's] vehicle to a stop." OCGA § 40-6-395 (a).

lease of persons held in actual, physical custody in prison or jail[,]" *Jones v. Cunningham*, 371 U. S. 236, 238 (83 SC 373, 9 LE2d 285) (1963), the remedy has in modern times been made available where there are significant restraints on the petitioner's liberty other than physical custody. Id.; *Carafas v. LaVallee*, 391 U. S. 234 (88 SC 1556, 20 LE2d 554) (1968); *Parris v. State*, 232 Ga. 687 (208 SE2d 493) (1974). The writ of habeas corpus may be used "to relieve the stigma and burden of an invalid sentence," *Atkins v. Hopper*, 234 Ga. 330, 333 (216 SE2d 89) (1975), or where the petitioner has " 'a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him.' " *Carafas v. LaVallee*, supra at 237.

Martin maintains that his classification by the Commissioner as an habitual violator and the revocation of his driver's license for a period of five years has placed a substantial restraint on his liberty.[2] Specifically he alleges that, following the revocation of his license, he was fired from his job as a car salesman, and, as a further consequence of his inability to drive, was unable to obtain employment for seven months. The habeas court found that as a result of the Commissioner's actions, Martin "has suffered great trouble and expense, and his economic situation has been adversely affected."

We agree that the revocation of one's driver's license may place a significant restraint on his liberty within the meaning of OCGA § 9-14-1 (c). Therefore, we hold that one not in physical custody may petition for habeas corpus to challenge the revocation of his driver's license on the ground that the underlying sentence upon which the revocation is based is void for a reason not appearing on the face of the record. The petitioner must be able to demonstrate that the revocation significantly restrains his liberty, or that other adverse collateral consequences flow from his sentence of conviction.

The fact that Martin's probation was terminated prior to the filing of his petition for habeas corpus does not change this result. "The mere fact that the state sentence has been completely served should no longer be a bar to attacking it through habeas corpus even though the petition is not initially filed until after the sentence is completed." *Parris*, supra at 690; *Carafas v. LaVallee*, supra at 237.

2. The Commissioner argues that even if habeas corpus is a proper remedy, he is not the proper party to this action. Rather, the Commissioner takes the position that the State of Georgia should have been named respondent in this action. We do not agree.

In the traditional habeas corpus case the respondent will be the

[2] See *Jones v. Cunningham*, 371 U. S. 236, supra, where the Supreme Court noted that the petitioner's liberty was restrained by a condition of his parole requiring him to obtain permission from his parole officer in order to own or operate a motor vehicle. 371 U. S. at 237 and 242.

person who has actual physical custody of the petitioner. See, e.g., OCGA §§ 9-14-45 and 9-14-46. Where the petitioner is not in physical custody, but alleges in his habeas petition that his liberty is otherwise restrained, the proper party respondent is that person or entity so restricting the petitioner's freedom. See *Jones v. Cunningham*, supra, 371 U. S. at 241.[3] In this case the Commissioner, in the exercise of his statutory duty under OCGA § 40-5-58, is restricting the petitioner's liberty. The Commissioner is the party with the greatest interest in the revocation of the petitioner's license, and, therefore, is the proper party to this action.

3. The Commissioner argues that habeas relief should not be available to Martin because he has failed to pursue his right to a de novo appeal from the revocation of his license in the superior court. OCGA § 40-5-66.

Martin's attack on his conviction of attempting to elude a police officer is collateral to the issues which may be raised in the de novo appeal under OCGA § 40-5-66. A collateral attack on an underlying conviction which is used to support a license revocation may not be made in the de novo appeal unless that conviction is void on its face. *Hardison v. Shepard*, 246 Ga. 196 (269 SE2d 458) (1980); *Love v. Hardison*, 166 Ga. App. 677 (305 SE2d 420) (1983); *Cofer v. Gibson*, 148 Ga. App. 572 (252 SE2d 6) (1978); *Cofer v. Cook*, 141 Ga. App. 646 (234 SE2d 185) (1977). Martin's conviction for attempting to elude a police officer was not void on its face. A challenge to that conviction could not, therefore, have been made in the de novo appeal.

In absence of compelling authority, we decline to require Martin to pursue an appeal under which the relief sought is not available.

4. The Commissioner argues that the habeas court exceeded its authority in ordering him to declassify Martin as an habitual violator and to reinstate Martin's driver's license.

OCGA § 9-14-1 (c) provides that one whose liberty is restrained as a result of a sentence of a state court of record may file a petition for habeas corpus "to inquire into the legality of the restraint." Under

---

[3] In *Jones* the petitioner's petition for habeas corpus was originally filed against the superintendent of the Virginia State Penitentiary where the petitioner was incarcerated. The petitioner alleged that his current sentence had been enhanced by his classification as an habitual violator, and that his classification was based, in part, on an earlier unconstitutional conviction, the sentence for which had been served. While his petition was pending in the federal courts, the petitioner was paroled. He then moved to add the Virginia Parole Board as a party respondent, alleging that his liberty was now restrained by the numerous conditions of his parole. The Court of Appeals for the Fourth Circuit refused to add the Parole Board and the U. S. Supreme Court reversed. The Supreme Court held that the conditions of parole placed the petitioner "in custody" of the Parole Board, and that the Board was the proper party respondent to the petitioner's challenge to his allegedly unconstitutional conviction, as the conditions of parole were adverse consequences flowing from this conviction.

traditional notions of habeas corpus, a finding that the physical restraint of the petitioner is illegal would demand that he be released from custody. Likewise, under the modern concept of "restraint," broadened in *Jones v. Cunningham*, supra, and *Parris v. State*, supra, a determination by the habeas court that the petitioner's non-physical restraint is illegal requires that the restraint be lifted. OCGA § 9-14-48 (d) provides, "If the court finds in favor of the petitioner, it shall enter an *appropriate order* with respect to the judgment or sentence challenged in the proceeding and shall enter such supplementary orders as to rearraignment, retrial, custody or discharge as may be necessary and proper. In all cases, the court shall dispose of the matter as law and justice require." (Emphasis supplied.)

We find the habeas court followed its statutory duty in this case.

5. Last, the Commissioner maintains that venue was improper. OCGA § 9-14-43 states that the petition for habeas corpus must be filed "in the county in which the petitioner is being detained." The Commissioner argues that if it is the Department of Public Safety which is illegally restraining Martin, then the petition for habeas corpus should have been filed in Fulton County where the Department's offices are located.

This court has held, however, that "a person who is not incarcerated anywhere can attack [by habeas corpus] an old conviction, and in such a case the place of restraint, the equivalent of 'illegal detention,' would be the place of conviction." *Smith v. State*, 234 Ga. 390, 392 (216 SE2d 111) (1975). Therefore, we hold venue was proper in Clarke County.

*Judgment affirmed. All the Justices concur, except Marshall, P. J., and Weltner, J., who concur in the judgment only.*

DECIDED SEPTEMBER 10, 1985 —
REHEARING DENIED SEPTEMBER 25, 1985.

*Michael J. Bowers, Attorney General, Jennifer L. Hackemeyer, Staff Assistant Attorney General*, for appellant.
*Jerry L. Steering, Howard Tate Scott*, for appellee.