## S90A0195. EARP v. BOYLAN.
(390 SE2d 577)

CLARKE, Chief Justice.

Appellee Boylan was convicted of three separate offenses of driving with a suspended license between February 1, 1984, and October 18, 1985. The Department of Public Safety (Department) thereafter declared him an habitual violator pursuant to OCGA § 40-5-58, and revoked his driver's license on December 6, 1985. The record shows that the Department issued appellee a probationary license so that he may drive to and from work.

On December 9, 1988, appellee filed a petition for habeas corpus seeking relief from the revocation of his driver's license. The habeas court found that appellee did not knowingly waive his right to counsel at any of his three trials for driving with a suspended license. The habeas court determined that the three criminal dispositions which had resulted in appellee's habitual violator status had substantially restrained appellee's liberty and therefore he was entitled to habeas relief. The habeas court ordered the Department to rescind appellee's status as an habitual violator, and to return his driver's license.

At the same time the habeas court entered a separate order denying the Department's motion to dismiss appellee's habeas petition for failure to timely file it in accordance with OCGA § 40-13-33 (b). The habeas court determined that OCGA § 40-13-33 (a) and (b) unconstitutionally suspends the writ of habeas corpus.

1. The habeas court found that OCGA § 40-13-33 (a) and (b) suspend the writ of habeas corpus in violation of U. S. Const., Art. I, Sec. IX, Cl. II and Ga. Const., Art. I, Sec. I, Par. XV.

a) In *Hardison v. Martin,* 254 Ga. 719, 721 (334 SE2d 161) (1985), we held that

> one not in physical custody may petition for habeas corpus to challenge the revocation of his driver's license on the ground that the underlying sentence upon which the revocation is based is void for a reason not appearing on the face of the record.

In response to *Hardison* the legislature enacted OCGA § 40-13-33. Subsection (a) of this statute provides that any habeas corpus challenge which may be filed to a misdemeanor traffic offense must be filed within 180 days of conviction. Under subsection (b), where, as in this case, the conviction challenged became final prior to March 28, 1986, the habeas petition must have been filed within 180 days of March 28, 1986.

There are numerous instances in which this court has construed the Georgia Habeas Corpus Act, OCGA § 9-14-1 et seq. to provide

greater protections than the Federal Constitution requires. See, e.g., *McDuffie v. Jones*, 248 Ga. 544, 545, fn. 1 (283 SE2d 601) (1981); *Zant v. Cook*, 259 Ga. 299 (379 SE2d 780) (1989). It is likewise clear that the holding of *Hardison* goes beyond federal constitutional and statutory habeas corpus requirements. The federal courts have uniformly held that the federal habeas corpus statute, 28 USC § 2254, does not give them jurisdiction to entertain a habeas corpus petition where a petitioner who is not in custody alleges that his liberty has been restrained because his driver's license has been revoked or suspended. *Westberry v. Keith*, 434 F2d 623 (5th Cir. 1971)[1]; *Harts v. State of Indiana*, 732 F2d 95 (7th Cir. 1984); *Whorley v. Brilhart*, 359 FSupp. 539 (E.D. Va. 1973).

Because *Hardison v. Martin* provides greater habeas corpus protection than is required by the United States Constitution, we hold that the legislature may place a procedural limitation on that protection without suspending the writ within the meaning of U. S. Const., Art. I, Sec. IX, Cl. II.

b) As the Department points out in its brief, there are a number of recognized procedural limitations on the writ of habeas corpus which do not have the effect of suspending it in violation of the Georgia Constitution. See OCGA § 9-14-51 (limitation on successive habeas corpus petitions); *Reed v. Hopper*, 235 Ga. 298 (219 SE2d 409) (1975) (conditions which legislature placed on writ of habeas corpus in the 1975 Habeas Corpus Act do not on their face suspend writ); *Valenzuela v. Newsome*, 253 Ga. 793 (325 SE2d 370) (1985) (failure to make a timely objection to an error or deficiency in the trial court constitutes a waiver for purposes of habeas corpus review, absent statutory exceptions of cause, prejudice or miscarriage of justice); *Black v. Hardin*, 255 Ga. 239 (336 SE2d 754) (1985) (failure to enumerate as error on appeal any alleged error in trial court constitutes waiver of habeas review); *Patterson v. Earp*, 257 Ga. 729 (363 SE2d 248) (1988) (failure to file application to appeal bars review of habeas claim under *Hardison v. Martin*).

We hold that the procedural limitations of OCGA § 40-13-33 (a) and (b) neither suspend the writ, nor, as appellee argues, cause a court to dismiss an action for habeas without consideration of the equities presented. Rather, the statute provides that in a narrowly defined class of cases — those in which a petitioner who is not in custody seeks habeas relief pursuant to *Hardison v. Martin* from a misdemeanor traffic conviction — the petition for habeas corpus must

---

[1] We can find no decision by the [United States] Supreme Court which would allow federal courts to take habeas corpus jurisdiction under § 2254 when the petitioner has applied for the writ after suffering a fine and the revocation of the right to drive on the state's highways. [434 F2d at 624-5.]

be filed within 180 days of conviction. The statute does not prevent a habeas court from inquiring into the validity of the petitioner's misdemeanor traffic conviction; it merely prescribes the time in which such inquiry may be made. As such it imposes a permissible and reasonable procedural restriction on a limited group of cases. It cannot be said that the statute suspends the writ within the meaning of Ga. Const., Art. I, Sec. I, Par. XV.

c) Therefore we reverse the habeas court's holding that OCGA § 40-13-33 (a) and (b) are unconstitutional. We also reverse the habeas court's denial of the Department's motion to dismiss the petition for appellee's failure to timely file it in accordance with OCGA § 40-13-33 (b).

2. We reaffirm the holding of *Hardison v. Martin*, supra, and decline the Department's request to overrule it.

*Judgment reversed and remanded. All the Justices concur.*

DECIDED APRIL 20, 1990.

*Michael J. Bowers, Attorney General, Terry L. Long*, for appellant.

*Rich, Bass, Kidd & Witcher, Casper Rich, Merck K. Smith*, for appellee.