S90A0477. EARP v. BROWN.
(391 SE2d 396)

FLETCHER, Justice.

This appeal arises from the Superior Court of Fulton County's issuance of a writ of habeas corpus to James Leslie Brown. Curtis D. Earp, Jr., as Commissioner of the Department of Public Safety, had revoked Brown's driver's license pursuant to OCGA § 40-5-58 due to his DUI convictions on October 28, 1983, November 1, 1983, and February 23, 1987. Brown did not appeal any of the three convictions nor did he seek habeas relief prior to this action. Brown did unsuccessfully appeal the commissioner's revocation of his license. He then filed this habeas action and alleged, inter alia, that the three underlying convictions were not valid in that the records of the convictions do not show his waiver of his rights to an attorney, to a jury trial, or to plead not guilty and that neither a judge nor a magistrate had signed two of the convictions. The trial court granted habeas relief on the grounds that

the records of conviction do not affirmatively reflect that the

guilty pleas at issue were intelligently and voluntarily entered or that the petitioner knowingly waived his right to an attorney.

We reverse and remand.

1. Earp argues that the trial court erred in not dismissing this habeas action pursuant to OCGA § 40-13-33 because the challenged convictions were entered more than 180 days after March 28, 1986, or the date of the conviction. Brown argues, inter alia, that if OCGA § 40-13-33 did apply to this action, it is unconstitutional as a suspension of the Writ of Habeas Corpus. This Court's decision in *Earp v. Boylan*, 260 Ga. 112 (390 SE2d 577) (1990) controls this issue adversely to Brown.

2. (a) Brown argues that OCGA § 40-13-33 does not apply to his habeas action because the records Earp introduced in this action clearly show that the underlying judgments are defective on their faces (e.g., the record does not show waiver of a jury trial) and are, therefore, not final. This argument is without merit.

Brown's argument is contrary to the language of OCGA § 40-13-33 (a) which states that:

[a]ny challenge to a misdemeanor conviction of any of the traffic laws of this state or the traffic laws of any county or municipal government which may be brought pursuant to Chapter 14 of Title 9 must be filed within 180 days of the date the conviction becomes final.

This statute creates a limited and procedural exception to the general rule of law codified at OCGA § 17-9-4 that a defendant can collaterally attack void judgments at any time. It limits such attacks to within the first 180 days after the conviction has been finally adjudicated, even if a habeas petition could be brought and would be successful. It is clear from Brown's petition that despite his arguments to the contrary, he is attempting to attack the underlying convictions. OCGA § 40-13-33 (a) as it presently reads does not permit this.

(b) The habeas court did not address whether the three convictions were finally adjudicated although Brown has raised this issue by alleging that neither a judge nor a magistrate had signed two of them. Therefore, we reverse the grant of the writ and remand for further proceedings.

*Judgment reversed and remanded. Clarke, C. J., Smith, P. J., Weltner, Bell, Hunt, Fletcher, JJ., and Judge Isaac Jenrette concur. Benham, J., not participating.*

Decided May 17, 1990 —
Reconsideration denied May 31, 1990.

*Michael J. Bowers, Attorney General, Neal B. Childers, Assistant Attorney General,* for appellant.

*Bentley C. Adams III, Virgil L. Brown, Eric D. Hearn,* for appellee.