A90A1453, A90A1974. FERGUSON v. THE STATE (two cases).
(398 SE2d 738)

DEEN, Presiding Judge.

Appellant was charged with armed robbery, aggravated battery, and burglary. The first two charges were nol prossed, and Ferguson plead guilty to the burglary charge. On September 14, 1987, he was sentenced to 12 years' imprisonment and eight years' probation; he was also ordered to receive psychological analysis, counseling, and any treatment deemed appropriate. On February 8, 1990, he attempted to withdraw his plea by filing a motion to set aside judgment pursuant

to former Code Ann. § 3-702, subsequently OCGA § 9-3-21, which was repealed effective July 1, 1986. Ga. L. 1986, p. 294, § 2. This motion was denied February 20, 1990, and Case No. A90A1453 is an appeal from that order.

On April 18, 1990, Ferguson filed a request for an out-of-time appeal of his 1987 conviction, alleging essentially that his guilty plea was not voluntary, knowing, or intelligent; he filed a supplementary request on April 23. The court denied the requests on April 25, 1990. On June 1 Ferguson filed requests to proceed in forma pauperis and for appointment of counsel; the court denied these requests on June 11, 1990. In Case No. A90A1974 he appeals from this order. *Held*:

1. OCGA § 17-9-61 (b) permits the filing of a Motion in Arrest of Judgment provided the motion is filed within the same term in which judgment is entered. On February 21, 1990, the court below held that, because judgment in Case No. A90A1453 was entered in September 1987 and the motion was not filed until February 1990, the statutory requirements were not met and the motion must be denied as untimely. The trial court went on, however, to discuss the merits of the motion and found that, even had the motion been timely filed, it would have made no difference because the plea was entered knowingly, freely, and voluntarily. This motion having been denied, the court also denied appellant's motion for appointment of counsel.

The record shows that the appeal to this court was filed more than 30 days after entry of the order denying the motion in arrest of judgment. We have no jurisdiction over an untimely filed appeal and must therefore dismiss Case No. A90A1453. OCGA § 5-6-38.

2. It appears that the entry of the plea in Count 3 was deficient in that it did not set out a clear factual basis. However, since appellant's request for an out-of-time appeal was denied by order by April 25, 1990, his June 4 requests were moot, and the trial court's ruling of June 11, 1990, was correct.

*Appeal dismissed in Case No. A90A1453; judgment affirmed in Case No. A90A1974. Pope and Beasley, JJ., concur.*

DECIDED OCTOBER 17, 1990 —
REHEARING DENIED OCTOBER 31, 1990.

Kevin Ferguson, *pro se.*

Robert E. Wilson, *District Attorney,* Thomas S. Clegg, Barbara B. Conroy, *Assistant District Attorneys,* for appellee.