A91A0040. WALKER v. THE STATE.
(405 SE2d 887)

BIRDSONG, Presiding Judge.

Steven David Walker appeals from the judgment of the superior court affirming the probate court's denial of his "Motion to Declare Judgment and Sentence Void." Walker argues that his motion should have been granted because he did not personally waive in writing a trial by jury even though his counsel filed a demand for a speedy trial in the probate court. *Held:*

The record shows that Walker was convicted for DUI on October 2, 1985, and that twice in 1986 and once in 1987 Walker attempted to initiate appellate review of his conviction. In 1986, however, this court dismissed his discretionary appeal and the superior court dismissed his petition for certiorari. Then, in 1987, the superior court also dismissed Walker's renewed petition for certiorari.

After almost two years of inactivity, on October 2, 1989, Walker filed, and the probate court denied, the motion which is the subject of

this appeal. Then, Walker filed a petition for certiorari to the superior court challenging the decision of the probate court. Subsequently, the superior court ruled Walker's motion was not authorized under Georgia law and affirmed the decision of the probate court.

Relying on OCGA § 40-13-23 (a) and *Snellings v. State*, 194 Ga. App. 552, 553 (391 SE2d 36), Walker argues that the superior court erred because he was convicted at a bench trial without personally waiving in writing his right to a jury trial. Although Walker's motion also challenged the probate court's jurisdiction because a city court operated within the county, that allegation has been abandoned on appeal.

Although Walker's motion was designated a "Motion to Declare Judgment and Sentence Void," the designation of the motion is not controlling (*Jones v. Spindel*, 128 Ga. App. 88, 103 (196 SE2d 22)). It is the function and substance of the motion which is determinative. *Holloway v. Frey*, 130 Ga. App. 224, 227 (202 SE2d 845). Walker's motion and argument make clear that the function of his motion was to set aside the verdict and vacate the judgment. Such motions, however, are not authorized in this state in criminal trials. *Waye v. State*, 239 Ga. 871, 874 (238 SE2d 923); *Grant v. State*, 159 Ga. App. 2, 3 (282 SE2d 668). Moreover, neither court erred by not treating Walker's motion as a motion in arrest of judgment because the time for such motions has long since passed. See OCGA § 17-9-61 (b); *Ferguson v. State*, 197 Ga. App. 443, 444 (398 SE2d 738).

In any event, Walker's argument is without merit in substance. Walker waived any objection to proceeding without a jury and he cannot raise that issue for the first time on appeal. *Nicholson v. State*, 261 Ga. 197 (403 SE2d 42) (1991).

Moreover, Walker's untimely challenge to his convictions because either ground raised in his motion is barred by OCGA § 40-13-33. Although the caption of this Code section suggests it is applicable only to habeas corpus petitions, the Code's descriptive headings "do not constitute part of the law and shall in no manner limit or expand the construction of any Code section." OCGA § 1-1-7. On its face, OCGA § 40-13-33 (a) requires that *"[a]ny challenge* to a misdemeanor conviction of any of the traffic laws of this state or the traffic laws of any county or municipal government *which may be brought* pursuant to Chapter 14 of Title 9 *must be filed* within 180 days of the date the conviction becomes final." (Emphasis supplied.) Thus, the 180-day limitation is not restricted only to habeas corpus challenges (as that class is further defined in *Earp v. Boylan*, 260 Ga. 112 (390 SE2d 577)) actually brought under Chapter 14 of Title 9, but applies to "any challenge" (except those categories of habeas corpus challenges excluded for obvious constitutional reasons by the Supreme Court's holding in *Earp v. Boylan*, supra), which *may* have been

brought pursuant to Chapter 14 of Title 9.

Although Walker's motion was unauthorized, he could have challenged his misdemeanor traffic conviction by habeas corpus petition since he attacked the jurisdiction of the probate court. Compare *Earp v. Boylan*, supra; *Hardison v. Martin*, 254 Ga. 719 (334 SE2d 161). Accordingly, the 180-day limitation in OCGA § 40-13-33 is applicable and Walker's untimely challenge to his misdemeanor traffic conviction is barred. See generally *Earp v. Brown*, 260 Ga. 215 (391 SE2d 396).

Furthermore, the legislative history of OCGA § 40-13-33 unequivocally reflects the legislature's intent that the statute would apply also to bar untimely challenges to misdemeanor traffic offenses by means other than habeas corpus. Examination of the Senate's substitute version of House Bill 1351 clearly reveals that, in addition to applying to those limited classes of habeas corpus challenges referred to in *Earp v. Boylan*, supra, OCGA § 40-13-33 was intended to prohibit untimely non-habeas corpus challenges as well. See generally Ga. L. 1986, p. 444, § 1; House Journal 1986, p. 2528; Senate Journal 1986, pp. 1771, 2022-2023. Therefore, this challenge is barred by Walker's procedural default in failing to bring a timely challenge to his conviction.

Accordingly, the superior court did not err by affirming the probate court's denial of Walker's untimely challenge to his conviction.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED APRIL 22, 1991 —
REHEARING DENIED MAY 15, 1991 —

*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams III*, for appellant.

*W. Fletcher Sams, District Attorney, Randall K. Coggin, Assistant District Attorney*, for appellee.

