S91G0419. BROWN v. EARP.
(407 SE2d 737)

BENHAM, Justice.

We are called upon in this appeal to decide whether the 180-day period of limitation in OCGA § 40-13-33 (a) applies to all collateral attacks on misdemeanor traffic convictions or only to attacks by petition for habeas corpus relief. The question arose in Brown's appeal to superior court from the decision of the Department of Public Safety declaring him a habitual violator and revoking his driver's license. The superior court ruled that Brown's effort in that appeal to make a collateral attack on some of the convictions on which his designation as a habitual violator was based was barred because more than 180 days had passed since the convictions. Brown's application to the Court of Appeals for a discretionary appeal from the superior court's

ruling was denied in an unpublished order[1] which relied on this court's holding in *Earp v. Brown*, 260 Ga. 215 (391 SE2d 396) (1990). We granted certiorari to consider the scope of the limitation established in OCGA § 40-13-33 (a).

Brown's attack on his previous convictions was based on his contention that they were void.[2] In *Earp v. Brown*, supra at 216, this court discussed the impact of OCGA § 40-13-33 on collateral attacks on void judgments:

> This statute creates a limited and procedural exception to the general rule of law codified at OCGA § 17-9-4 that a defendant can collaterally attack void judgments at any time. It limits such attacks to within the first 180 days after the conviction has been finally adjudicated, even if a habeas petition could be brought and would be successful.

Based on that language, the Court of Appeals held in its order in the present case that the period of limitation in the statute applies to any challenge which could be brought by means of a petition for habeas corpus, regardless of whether the challenge was actually made by that procedure. We agree with that interpretation of our holding in *Earp v. Brown*, supra, and find it controlling in this case. The challenge in this case was not by habeas corpus, but it could have been. *Hardison v. Martin*, 254 Ga. 719 (1) (334 SE2d 161) (1985). Accordingly, it was subject to the 180-day limitation in OCGA § 40-13-33 (a), and the superior court was correct in rejecting the challenge.

Appellant argues that use of § 40-13-33 (a) to bar his collateral attack on previous convictions is inappropriate for two reasons: it is a misinterpretation of the statute; and if it is not, this interpretation of the statute may only be applied prospectively. The first argument is based largely on the title of the Code section as it appears in the Code: "Limitation on habeas corpus challenge of misdemeanor traffic conviction." According to OCGA § 1-1-7, the descriptive heading preceding the Code section does not constitute part of the law and does not limit or expand construction of the Code section. A better source for determining the intent of the legislature in enacting § 40-13-33 would be the preamble of the act creating the Code section:

> To amend Article 2 of Chapter 13 of Title 40 of the Official Code of Georgia Annotated, relating to arrests, trials, and

---

[1] The same rationale has since been employed by the Court of Appeals in a published opinion in *Walker v. State*, 199 Ga. App. 701 (405 SE2d 887) (1991).

[2] Brown asserts that the convictions were void because of the failure of the lower courts to obtain written waivers of jury trial. But see *Nicholson v. State*, 261 Ga. 197 (403 SE2d 42) (1991).

appeals of traffic offenses, so as to provide that all challenges to final convictions for traffic offenses must be filed within 180 days of the date the conviction becomes final; . . . and for other purposes. [Ga. L. 1986, p. 444.]

We find it clear from the legislature's expression of its intent and from the absence of limiting language in the Code section that the section applies to "all challenges to final convictions" of misdemeanor traffic offenses, not just to challenges by means of petition for a writ of habeas corpus.

Appellant's argument concerning prospective application is equally unavailing. Prospective application is called for when a new principle of law is announced either by overruling clear past precedent or by deciding an issue of first impression whose resolution was not clearly foreshadowed. *Federated Mut. Ins. Co. v. DeKalb County*, 255 Ga. 522, 523 (341 SE2d 3) (1986). Neither of those conditions is present in this case: no precedent is overruled, and the holding here is clearly foreshadowed by the statutory interpretation in *Earp v. Brown*, supra.

Since the resolution of this case is controlled by our holding in *Earp v. Brown*, supra, and since appellant's arguments to the contrary do not require a different result, we find no error in the trial court's refusal to permit the attack on the previous convictions, and no error in the Court of Appeals' denial of appellant's application for discretionary review.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 5, 1991.

*Douglas W. McDonald Law Offices, P. Gerald Cody, Jr.,* for appellant.

*Michael J. Bowers, Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, Patsy A. Austin,* for appellee.