## A98A0268. GRANT v. THE STATE.
(501 SE2d 27)

Judge Harold R. Banke.

A jury convicted Lonnie Grant of the offenses of misdemeanor possession of marijuana and driving under the influence of alcohol.[1] During the trial, Grant readily admitted having the marijuana on his person but denied driving the car. He claimed that a stranger, whom he had just met, was driving, " 'cause my license is suspended. I don't drive, plus I was drunk." After Grant emphatically declared on cross-examination that "I never drive drunk with a suspended license," the trial court permitted the prosecutor to inquire whether the Department of Public Safety had, in fact, suspended his license. The court sentenced Grant to concurrent 12-month sentences on each count. *Held*:

Grant's sole enumeration of error is that the trial court erred in imposing sentence on him after he raised a challenge to the voluntariness of his prior DUI guilty plea entered nearly a year earlier in another county. He contends that once a defendant raises the issue of whether an intelligent and voluntary waiver was made with respect to a prior guilty plea, the State bears the burden of establishing a valid waiver occurred. *Manker v. State*, 223 Ga. App. 3, 6 (5) (476 SE2d 785) (1996). See *Pope v. State*, 256 Ga. 195, 209 (17) (345 SE2d 831) (1986) (presuming waiver from a silent record is impermissible).

Grant's reliance on *Pope* and *Manker* is misguided because the prior plea at issue here is a misdemeanor traffic conviction, not a felony. Under OCGA § 40-13-33 (a), any challenge to a misdemeanor traffic conviction must be filed within 180 days from when the conviction became final.[2] *Brown v. Earp*, 261 Ga. 522, 523 (407 SE2d 737) (1991). Inasmuch as Grant failed to timely assert a challenge to that conviction, he is barred from collaterally attacking it. *Walker v. State*, 199 Ga. App. 701, 702-703 (405 SE2d 887) (1991).

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

---

[1] The State nolle prossed Count 3, driving while license suspended in violation of OCGA § 40-5-121.

[2] We note that Grant did not contest the existence of his conviction but only challenged the voluntariness of his plea. Had the State sought to introduce evidence of the conviction, it would have been obligated to produce admissible evidence of the conviction. See *Payne v. State*, 219 Ga. App. 318, 319 (4) (464 SE2d 884) (1995). OCGA § 24-5-31.

DECIDED APRIL 1, 1998.

*Deborah N. Bedsole*, for appellant.
*Kenneth W. Mauldin, Solicitor, Donna M. Dunn, Assistant Solicitor*, for appellee.