A01A1386. PALACIOS v. THE STATE.
(554 SE2d 498)

ELLINGTON, Judge.

Ernesto Palacios appeals from the trial court's order denying his motion to withdraw his guilty plea. We affirm.

On May 25, 2000, on the eve of trial, Palacios pled guilty to aggravated stalking, OCGA § 16-5-91, a felony, and was sentenced to five years probation. As a result of his felony conviction, the Immigration & Naturalization Service jailed Palacios pending deportation proceedings. Palacios argues that his plea was not knowingly and voluntarily entered because he was not aware of this collateral consequence of his plea. However, the record reveals that prior to entering this plea, Palacios had twice come before the court intending to plead. The first time, Palacios refused to enter a plea for fear he would be deported. The second time, the trial court refused to take the plea because Palacios would not admit his culpability. During those hearings, the issue of Palacios' possible deportation was discussed. After reviewing the transcripts of those previous hearings, the trial court specifically found that Palacios was "well aware of the fact that his plea of guilty to a felony could result in deportation."

There is no constitutional requirement that a defendant be

advised of certain "collateral consequences" of his guilty plea. *Williams v. Duffy*, 270 Ga. 580, 581 (1) (513 SE2d 212) (1999) (parole eligibility). The effect of the plea on a defendant's immigration status is such a collateral consequence. A resident alien's guilty plea is not "rendered involuntary because he was unaware that he might be deported. [Cits.]" *United States v. Santelises*, 509 F2d 703, 704 (2nd Cir. 1975). The only source of such a requirement is OCGA § 17-7-93 (c). Although a court must now determine prior to accepting a guilty plea "whether the defendant is freely entering the plea with an understanding that if he or she is not a citizen of the United States, then the plea may have an impact on his or her immigration status," id., that statutory provision does not apply here. The General Assembly expressly limited the application of OCGA § 17-7-93 (c) to pleas accepted on or after July 1, 2000. Statutes that govern court procedure are only given retroactive effect if there is no express intention to the contrary. *Polito v. Holland*, 258 Ga. 54, 55 (2), (3) (365 SE2d 273) (1988). Because Palacios' plea preceded the effective date of the statute, it does not apply. We find no error.

*Judgment affirmed. Johnson, P. J., and Ruffin, J., concur.*

DECIDED JULY 30, 2001.

*Harris & Helton, Joshua D. Earwood*, for appellant.

*T. Joseph Campbell, District Attorney, Lance T. McCoy, Assistant District Attorney*, for appellee.