## A03A2526. ALLEN v. THE STATE.
### (598 SE2d 832)

SMITH, Chief Judge.

Jefferson Allen appeals his convictions for driving under the influence of alcohol, disobedience of a traffic control device, and violation of Georgia's open container law. On appeal he contends that the trial court erred in (1) admitting similar transaction evidence, (2) giving its jury charge relating to Allen's refusal to submit to a chemical test, (3) giving its jury charge on the presumptions drawn from specific alcohol concentrations in the defendant's blood, and (4) considering the similar transaction offense in aggravation of Allen's sentence. In our original opinion, issued February 2, 2004, we affirmed the judgment of conviction entered against Allen but concluded that the trial court erred in considering Allen's prior nolo plea for sentencing purposes. On the State's motion for reconsideration, we have reached the conclusion that Allen was estopped from attacking the nolo plea under the authority of OCGA § 40-13-33 (a), as more fully discussed in Division 4, infra. We therefore affirm both the judgments of conviction and sentence.

Viewed in the light most favorable to the verdict, the evidence reveals that an officer pulled Allen over after he saw Allen run a red

light. The officer detected a very strong odor of alcohol coming from Allen's car. The officer asked Allen to step out of the car, and Allen complied. The officer observed that Allen's eyes were bloodshot, that his speech was slurred, and that he was unsteady on his feet. Allen admitted that he had been drinking.

The officer gave Allen a portable breath test, which registered positive for alcohol. The officer also administered two field sobriety tests, both of which Allen failed. Based on his observations, the officer concluded that Allen was under the influence of alcohol to the extent that it was less safe for him to drive and arrested him. The officer read Allen the Georgia Implied Consent warning, and Allen refused to submit to a breath test.

Prior to trial, the State gave notice of its intention to introduce evidence of a 1997 DUI offense as a similar transaction. The trial court conducted a hearing, and Allen's counsel objected to the admission of the conviction, arguing that the face of the citation did not give sufficient notice that the transaction involved alcohol (and not some other substance). The court admitted the transaction over counsel's objection.

During deliberations, the jury submitted questions to the judge concerning the effect of prior offenses on the defendant's potential punishment, the consequences to Allen for refusing to submit to a chemical test, and the difference between showing impairment based on blood alcohol content and showing impairment based on the actual manner in which a person drives a vehicle. The judge informed the jurors that their first question was not relevant to their deliberations. In response to the last two questions, the judge (1) recharged the jury on DUI law and the inference to be drawn when a defendant refuses a breath test after being read the implied consent notice, and (2) supplemented his original charge with additional charges relating to impairment based on blood alcohol content. The judge gave the supplemental charges to provide context to the previously-admitted similar transaction evidence, which included testimony revealing that Allen's blood alcohol content was 0.10 at the time of that offense. The jury found Allen guilty on all charges, and he now appeals.

1. Allen argues that the trial court erred in admitting evidence of his 1997 DUI offense as a similar transaction. Specifically, Allen contends that he was not given sufficient notice under Uniform Superior Court Rule 31.3 that the 1997 DUI similar transaction involved alcohol, because the citation did not specifically state on its face that the DUI was related to alcohol. This argument is without merit.

Under Rule 31.3 (B), the similar transaction notice "shall be in writing, served upon the defendant's counsel, and shall state the transaction, date, county, and the name(s) of the victim(s) for each

similar transaction or occurrence sought to be introduced. Copies of accusations or indictments, if any, and guilty pleas or verdicts, if any, shall be attached to the notice." The record here reveals that the State complied with the requirements of the rule, and the rule itself does not require that the State's notice include the level of specificity demanded by Allen. We find no error.

2. Allen asserts that the trial court erred in its original charge on inferences that could be drawn from Allen's refusal to submit to a chemical test after being read the implied consent notice. However, Allen failed to object to the charge or to reserve objections to the charges when asked by the trial court and has therefore waived review of this issue on appeal. *Preer v. State*, 275 Ga. 125, 126 (2) (562 SE2d 175) (2002).

3. Allen contends that the trial court erred in supplementing its original charge with charges on the presumptions to be drawn from specific blood alcohol concentrations, as such charges were not adjusted to the facts and were misleading to the jury. We disagree.

> It is within the discretion of the trial court to give or not to give unrequested additional instructions when the jury requests a recharge on a particular point, and the discretion includes the giving of unrequested instructions not contained in the trial court's original charge. In determining whether that discretion was abused, we take into account the sensitive nature of the judge's responsibility at this stage of the trial and the duty of the trial judge to provide impartial and effective guidance on the law for the jury to follow in its deliberations.

(Punctuation and footnotes omitted.) *Igidi v. State*, 251 Ga. App. 581, 586-587 (5) (554 SE2d 773) (2001).

The recharge here was given in direct response to questions raised by the jury, and to give context to the court's prior instructions on similar transaction evidence. The trial court's additional instructions were accurate statements of the law, were given in an impartial manner, were designed to clarify rather than confuse matters for the jury, and were not confusing or misleading. Viewing the charge as a whole, we hold that the court did not abuse its discretion in giving the additional charges.

4. Allen urges that the trial court erred in considering his 1997 DUI nolo plea in aggravation of his sentence, since the portion of the form dealing with Allen's voluntary waiver of his right to counsel is blank. We do not agree that the trial court erred in considering the 1997 plea.

OCGA § 40-13-33 (a) provides that "[a]ny challenge to a misdemeanor conviction of any of the traffic laws of this state or to the traffic laws of any county or municipal government which may be brought pursuant to Chapter 14 of Title 9 must be filed within 180 days of the date the conviction becomes final." As stated in *Earp v. Brown*, 260 Ga. 215 (391 SE2d 396) (1990),

> [t]his statute creates a limited and procedural exception to the general rule of law codified at OCGA § 17-9-4 that a defendant can collaterally attack void judgments at any time. It limits such attacks to within the first 180 days after the conviction has been finally adjudicated, even if a habeas petition could be brought and would be successful.

Id. at 216 (2) (a).

The 180-day limitation period contained in OCGA § 40-13-33 (a) does not apply "only to attacks by petition for habeas corpus relief." *Brown v. Earp*, 261 Ga. 522 (407 SE2d 737) (1991). Rather, it "applies to any challenge which could be brought by means of a petition for habeas corpus, regardless of whether the challenge was actually made by that procedure." Id. at 523. A challenge to a nolo plea may be made by petition for writ of habeas corpus. See, e.g., *Jarrett v. State*, 217 Ga. App. 627, 628 (458 SE2d 414) (1995) (habeas corpus proceedings only available remedy to withdraw guilty plea after expiration of term); *Sherwood v. State*, 188 Ga. App. 295 (1) (372 SE2d 677) (1988).

It appears to be undisputed that Allen did not attack the validity of his 1997 nolo plea within 180 days, as required by OCGA § 40-13-33 (a). Under that statute and the Supreme Court of Georgia's rulings in *Earp v. Brown*, supra, and *Brown v. Earp*, supra, Allen cannot now collaterally attack the judgment of conviction entered on the nolo plea. Relying on *Brown v. Earp*, we reached a similar conclusion in *Grant v. State*, 231 Ga. App. 868 (501 SE2d 27) (1998). See also *McLeod v. State*, 251 Ga. App. 371, n. 1 (554 SE2d 507) (2001); *Walker v. State*, 199 Ga. App. 701, 702-703 (405 SE2d 887) (1991). As in *Brown v. Earp*, "[t]he challenge in this case was not by habeas corpus, but it could have been. Accordingly, it was subject to the 180-day limitation in OCGA § 40-13-33 (a)." (Citation omitted.) Id. at 523. And as in *Grant*, the trial court was authorized to consider the 1997 misdemeanor conviction for sentencing purposes.

The dissent argues that *Grant*, *Walker*, and *McLeod* must be overruled. But those cases are controlled by *Earp v. Brown*, supra, and *Brown v. Earp*, supra. We are, of course, bound by those Supreme Court cases as well as the legislative pronouncement embodied at OCGA § 40-13-33 (a). We find no basis for overruling any cases.

We also do not agree with the dissent's argument that *Grant* is in conflict with *Donaldson v. State*, 244 Ga. App. 89 (534 SE2d 839) (2000), and *Carswell v. State*, 263 Ga. App. 833 (589 SE2d 605) (2003). *Donaldson* is readily distinguished from this case, as the prior conviction improperly considered in aggravation of sentence was not one for a misdemeanor traffic offense but instead was a conviction entered on a guilty plea to possession of cocaine. Id. at 91-92 (5). And as for *Carswell*, the opinion in that case does not indicate the nature of the plea improperly used in aggravation of sentence. See id. at 833-834 (1). That case is not controlling.

*Judgment affirmed. Andrews, P. J., Johnson, P. J., Blackburn, P. J., Ruffin, P. J., Eldridge, Ellington, Mikell and Adams, JJ., concur. Barnes, Miller and Phipps, JJ., concur in part and dissent in part.*

MILLER, Judge, concurring in part and dissenting in part.

While I fully concur with the majority's conclusions in Divisions 1-3, I must respectfully dissent from the court's holding in Division 4 that the trial court properly considered Allen's 1997 DUI nolo plea in aggravation of his sentence when the State made no showing that Allen's prior plea was voluntary (after Allen showed an irregularity in the taking of the prior plea).

The majority cites to *Grant v. State*, 231 Ga. App. 868 (501 SE2d 27) (1998), for the proposition that a defendant may not collaterally attack a prior DUI plea that is used against the defendant for sentencing purposes in a subsequent DUI trial, despite the fact that the prior DUI plea may not have been voluntarily entered. In *Grant*, the court rejected the argument that the State bears the burden of proving that a plea was voluntarily entered once a defendant raises the issue that the prior plea was involuntary. The court reasoned that, because the prior plea was based on a misdemeanor traffic violation and not a felony, any challenge to the conviction should have been filed within 180 days pursuant to OCGA § 40-13-33 (a). Id. Since the challenge to voluntariness in *Grant* was made outside of that 180-day window, the defendant was barred from asserting such challenge by collaterally attacking the conviction. Id.

The reasoning in *Grant* conflicts directly with the mandates of more recent cases such as *Donaldson v. State*, 244 Ga. App. 89, 91-93 (5) (534 SE2d 839) (2000), and *Carswell v. State*, 263 Ga. App. 833 (1) (589 SE2d 605) (2003), wherein we held that, before the State may use a prior plea against a defendant in aggravation of sentence in a subsequent proceeding, the State bears the burden of proving that the prior plea was entered voluntarily once the defendant raises the issue that such plea may not have been voluntary.

The more recent authorities expose the true underlying issue that *Grant* failed to recognize — that the defendant in *Grant*, just like

the defendant here, was not challenging the *validity* of the prior DUI conviction itself (indeed, the conviction itself would still stand), but the *use* of the plea for sentencing purposes in a subsequent proceeding when the prior plea may not have been entered voluntarily. Regardless of whether the prior plea was based on a misdemeanor or a felony, the underlying issue is the voluntariness of the prior plea in connection with its use in a subsequent proceeding.

The holdings of *Donaldson* and *Carswell* are exceptionally important in the context of a nolo contendere plea, which plea exists in the instant case, because such pleas are generally not to be used for any purpose in a subsequent proceeding against the defendant. See OCGA § 17-7-95 (c). Additionally, the same issues regarding the voluntariness of a guilty plea apply to the taking of a nolo contendere plea. See *Peters v. State*, 210 Ga. App. 211, 212 (1) (435 SE2d 731) (1993) ("Before allowing a defendant to enter . . . a [nolo contendere] plea, a trial court must determine that the plea is voluntary and that the defendant understands the nature of the charges and the consequences of the plea, and knowingly waives his constitutional rights. [Cit.]").

Thus, to the extent that *Grant* stands for the proposition that the State may use a prior plea in aggravation of a defendant's sentence without the State having the burden of showing that the plea was voluntary once the defendant shows an irregularity in the taking of the prior plea, it should be overruled. Additionally, to the extent that the language of *Walker v. State*, 199 Ga. App. 701, 702-703 (405 SE2d 887) (1991), and *McLeod v. State*, 251 Ga. App. 371, n. 1 (554 SE2d 507) (2001), can be read to lead to the same conclusion as that reached in *Grant*, such language should be disapproved and no longer followed.[1] Even though the conviction in this case should be affirmed, this case should be remanded to the trial court for resentencing, with the State now having the burden of proving that Allen's prior DUI plea was voluntary before such plea can be used in aggravation of his sentence.

I am authorized to state that Judge Barnes and Judge Phipps join in this opinion.

DECIDED APRIL 14, 2004.

*Teresa O. Weiner*, for appellant.

---

[1] The majority's reliance on *Earp v. Brown*, 260 Ga. 215 (391 SE2d 396) (1990), and *Brown v. Earp*, 261 Ga. 522 (407 SE2d 737) (1991), is misplaced, as these cases deal specifically with the *validity* of a prior conviction and are therefore not controlling in the current situation. Here, again, the underlying issue is not the *validity* of the prior conviction itself, but its *use* at sentencing in a subsequent proceeding when such plea may have been involuntary.

*Steven L. Harris, Solicitor-General, Lura H. Landis, Assistant Solicitor-General,* for appellee.