# Court of Appeals
# of the State of Georgia

ATLANTA,  January 27, 2026

*The Court of Appeals hereby passes the following order:*

## A26A1054. STEVEN GADDIS v. THE STATE.

In August 2023, Steven Gaddis pled guilty to multiple offenses, including racketeering, theft, fraud, and trespass. On May 16, 2024, the trial court modified Gaddis's sentence. Since then, Gaddis has filed multiple motions in an attempt to challenge both his plea and sentence.[1] Most recently, Gaddis filed a motion for leave to file and out-of-time appeal and motion for appointment of counsel. The trial court denied the motion, and this appeal followed. We, however, lack jurisdiction.

In *Cook v. State*, 313 Ga. 471, 506(5) (870 SE2d 758) (2022), the Supreme Court of Georgia determined that a trial court lacks authority to grant an out-of-time appeal, and that any remedy involving an out-of-time appeal must be sought in habeas corpus. There, the Supreme Court vacated the trial court's order denying the defendant's motion for out-of-time appeal and remanded with instructions to dismiss the motion. Id. In response, the legislature enacted OCGA § 5-6-39.1, which became effective on May 14, 2025. This statute allows for defendants to seek out-of-time relief if (1) the defendant moves for leave to file an out-of-time motion for new trial or notice of appeal within 100 days from the expiration of the time period for the filing of such motion or notice, or (2) the defendant had an out-of-time motion or appeal dismissed under *Cook*.

---

[1] Gaddis has also filed two appeals in this Court. His appeal from an order denying a motion to vacate a void sentence was dismissed for failure to file a brief. See A25A1571 (May 27, 2025). We dismissed Gaddis's appeal from an order denying a motion to disclose grand jury minutes as moot. A27A0080 (Aug. 26, 2025).

OCGA § 5-6-93.1(b) does not apply to Gaddis as he neither filed a motion for out-of-time appeal within 100 days from the expiration of the time period for filing a notice of appeal nor had a motion for out-of-time appeal dismissed under *Cook*.[2] Because Gaddis is not entitled to pursue out-of-time relief, the propriety of the trial court's ruling on his request for an out-of-time appeal is moot. See *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 361 (3) (a) (489 SE2d 99) (1997) (a moot issue is one where a ruling is sought on a matter that has no practical effect on the alleged controversy or where the issues have ceased to exist); see also *Ferguson v. State*, 197 Ga. App. 443, 443 (2) (398 SE2d 738) (1990) (where a defendant is not entitled to an out-of-time appeal, any request for appointment of counsel is rendered moot). Accordingly, this appeal is hereby DISMISSED. See OCGA § 5-6-48 (b) (3) (providing for dismissal of an appeal when the questions presented have become moot).



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*  01/27/2026

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[2] Because it is not necessary to the disposition of this appeal, we do not address whether a defendant who enters a guilty plea is entitled to seek an out-of-time appeal under OCGA § 5-6-39.1.