# Court of Appeals
# of the State of Georgia

ATLANTA,  March 31, 2026

*The Court of Appeals hereby passes the following order:*

## A26A1416. RAFAEL SANTANA, JR. v. THE STATE.

On November 16, 2021, after Rafael Santana, Jr., pled guilty to voluntary manslaughter and possession of a knife during the commission of a felony, the trial court sentenced him to a total of 25 years. On August 22, 2025, Santana filed a motion for leave to file an out-of-time appeal. On November 17, 2025, the trial court denied Santana's motion, finding that he had missed the 30-day deadline for filing a notice of appeal under OCGA § 5-6-38(a) and the 100-day deadline for filing an out-of-time motion under OCGA § 5-6-39.1. Santana then filed this appeal. This Court, however, lacks jurisdiction.

In *Cook v. State*, 313 Ga. 471, 506(5) (870 SE2d 758) (2022), the Supreme Court of Georgia determined that a trial court lacks authority to grant an out-of-time appeal, and that any remedy involving an out-of-time appeal must be sought in habeas corpus. There, the Supreme Court vacated the trial court's order denying the defendant's motion for out-of-time appeal and remanded with instructions to dismiss the motion. Id. In response, the legislature enacted OCGA § 5-6-39.1, which became effective on May 14, 2025. This statute allows for defendants to seek out-of-time relief if (1) the defendant moves for leave to file an out-of-time motion for new trial or notice of appeal within 100 days from the expiration of the time period for the filing of such motion or notice, or (2) the defendant had an out-of-time motion or appeal dismissed under *Cook*.

Here, OCGA § 5-6-39.1 does not apply to Santana because he neither filed a motion for out-of-time appeal within 100 days from the expiration of the time period

for filing a notice of appeal nor had a motion for out-of-time appeal dismissed under *Cook*.[1] Because Santana is not entitled to pursue out-of-time relief, the propriety of the trial court's ruling on his request for an out-of-time appeal is moot. See *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 361(3)(a) (489 SE2d 99) (1997) (a moot issue is one where a ruling is sought on a matter that has no practical effect on the alleged controversy or where the issues have ceased to exist); see also *Ferguson v. State*, 197 Ga. App. 443, 443(2) (398 SE2d 738) (1990).

Accordingly, this appeal is hereby DISMISSED. See OCGA § 5-6-48(b)(3) (providing for dismissal of an appeal when the questions presented have become moot).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 03/31/2026

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] The provisions of OCGA § 5-6-35(a)(5.3), which require a discretionary application for direct appeals from guilty pleas, do not apply to Santana since his guilty plea was entered before the statute's effective date of May 14, 2025. See *Clark v. State*, 378 Ga. App. 111, n.1 (924 SE2d 346) (2025).