Judge Harold R. Banke.
The appellant was convicted of rape, incest, aggravated child molestation, kidnapping and aggravated sodomy of his five-year-old niece. He appeals from the denial of his motion for new trial.
1. This Court previously transferred this appeal to the Supreme Court because of an equal division of judges in regard to whether the trial court erred in refusing to excuse a juror for cause. The Supreme Court found no abuse of discretion by the trial court and returned the case to this Court for determination of issues not previously addressed. Garland v. State, 263 Ga. 495 (435 SE2d 431) (1993).
2. During jury selection, the trial court requested a list of witnesses from both the prosecutor and defense counsel to use in qualifying the jury. Although the trial court later instructed the jury on the presumption of innocence and the State’s burden of proof, the appellant contends that this request was burden-shifting because it created an inference that he had a duty to present witnesses and evidence at trial.
However, where the panel of potential jurors is exposed to a prejudicial remark or question, the two appropriate remedies are either a postponement until a new panel of jurors can be selected or a challenge to the poll. Swint v. State, 199 Ga. App. 515 (1) (405 SE2d 333) (1991). Inasmuch as the appellant neither objected to the trial court’s *584 request nor sought either of the appropriate remedies for a prejudicial remark, he has not preserved this issue for review. See Gee v. State, 210 Ga. App. 60 (3) (435 SE2d 275) (1993).
Decided June 21, 1994.
Megan C. De Vorsey, for appellant.
Lewis R. Slaton, District Attorney, Vivian D. Hoard, Assistant District Attorney, for appellee.
3. No reversible error resulted from the trial court’s jury instruction that aggravated sodomy may be committed by acts involving the sex organ of one and the mouth or anus of another, as set forth in OCGA § 16-6-2 (a), notwithstanding the fact that the indictment and evidence only involved acts of oral sodomy. “ ‘It is not usually cause for a new trial that an entire Code section is given . . . even though a part of the charge may be inapplicable under the facts in evidence.’ [Cit.] In this case the lack of any evidence or contention that [the appellant] committed [aggravated sodomy] in any way or manner other than that alleged in the indictment eliminates any reasonable probability that the jury convicted [him] of [aggravated sodomy] in a manner that was not alleged in the indictment. Thus, any possible error resulting from the trial court’s inclusion of the extraneous words is harmless beyond a reasonable doubt. Childs v. State, 257 Ga. 243, 253 [17] (357 SE2d 48) (1987); [Cit.]” Wilson v. State, 211 Ga. App. 486, 488 (2) (439 SE2d 701) (1993).
4. We also reject the appellant’s contention that the counts of aggravated child molestation and aggravated sodomy were based on a single sexual act and should be merged. The victim’s testimony and other physical evidence clearly showed two incidents of sodomy, one occurring prior to the rape and one afterward. “ ‘Under OCGA § 16-1-6 (1), offenses merge as a matter of fact only if one of them is established by proof of the same or less than all of the facts used to prove the other.’ [Cit.] . . . ‘The evidence of neither offense being necessary to prove the other, there was no merger. (Cits.)’ [Cit.]” Powell v. State, 210 Ga. App. 409, 412 (5) (437 SE2d 598) (1993).

Judgment affirmed.

Birdsong, P. J., and Blackburn, J., concur.