A95A0600. RUTLEDGE v. THE STATE.
(460 SE2d 551)

BIRDSONG, Presiding Judge.

John C. Rutledge appeals his convictions of possession of marijuana with intent to distribute and sell, possession of marijuana with intent to distribute within 1,000 feet of a school, possession of methamphetamine, and possession with intent to distribute more than one ounce of marijuana. Rutledge contends the trial court erred by refusing to give a charge he requested on entrapment, by denying his motion for a directed verdict because the State failed to rebut his entrapment defense, and by failing to give a charge on simple possession of marijuana.

The evidence shows that after he was identified by a confidential informant as a source of marijuana, on March 10, 1994, Rutledge, while in his car in a shopping center parking lot, was approached by the informant and an undercover officer. At the suggestion of the officer, the parties moved to a location, selected by Rutledge, where Rutledge sold marijuana to the informant. Based upon this purchase and information from the undercover officer, a warrant was obtained and Rutledge was arrested the next day, March 11, 1994, at the same place the sale was made the day before. The marijuana and metham-

phetamine were in his possession when he was apprehended. Later, Rutledge was indicted for five counts of violating the Georgia Controlled Substances Act: Count 1, sale of marijuana on March 10, 1994; Count 2, possession with intent to distribute and sale of less than one ounce of marijuana on March 11, 1994; Count 3, possession of marijuana with the intent to distribute within 1,000 feet of a high school on March 11, 1994; Count 4, possession of methamphetamine on March 10, 1994; and Count 5, possession with intent to distribute more than one ounce of marijuana on March 11, 1994.

Rutledge contends he was entrapped by the confidential informant, Stoker, as Stoker had a grudge against him because Stoker believed that his wife and Rutledge had a sexual relationship at one time. This contention was confirmed to some extent by Stoker's testimony that he had confronted Rutledge about this rumor, and by testimony that another witness heard Stoker say that he had "set up" Rutledge because he hated him. Rutledge denied ever selling drugs previously and the head of the sheriff's department drug detail testified that he had never heard of Rutledge until Stoker brought his name to his attention.

Rutledge alleges that Stoker called him and tricked Rutledge into picking up a bag that contained the marijuana and the methamphetamine and bringing the bag and its contents to the shopping center on March 10, 1994, and pretending to sell marijuana to the person Rutledge later learned was an undercover police officer. Rutledge contended Stoker explained that he did not want the purchaser to know that the marijuana belonged to him because otherwise the purchaser would expect a better deal or free marijuana from Stoker. Rutledge also alleges that he had the drugs when he was arrested because he was holding the drugs for Stoker and Stoker told him that he would find him and reclaim the drugs. Rutledge contends that the only reason he had the marijuana and methamphetamine was because Stoker asked him to do so, and that he was afraid to throw the drugs away. He denied that he intended to sell or distribute the marijuana and methamphetamine, and maintained that the marijuana found in possession of a woman on the day he was arrested was some he gave to her to hold for his personal use.

For his part, Stoker denied that he asked Rutledge to transfer marijuana to anyone or to put methamphetamine in his pocket on March 11 and Stoker denied that he owned drug devices found in Rutledge's car on that date. Moreover, Stoker testified that he did not induce Rutledge to secure and hold the marijuana and any items in the bag for him or to bring the items to the shopping center, or pretend to sell the marijuana to the undercover policeman.

Although the trial court found that the defense of entrapment was raised as to Count 1, the sale to the undercover officer on

March 10, the trial court found that the defense was not raised as to the offenses on March 11. Thus, the trial court charged the jury that the defense of entrapment applied only to the sale of marijuana on March 10. As the jury could not agree on Count 1, a mistrial was declared. Rutledge subsequently was convicted on the other offenses. Rutledge contends the trial court erred by not giving the entrapment charge on these offenses also. *Held*:

1. "A person is not guilty of a crime if, by entrapment, his conduct is induced or solicited by a government officer or employee, or agent of either, for the purpose of obtaining evidence to be used in prosecuting the person for commission of the crime. Entrapment exists where the idea and intention of the commission of the crime originated with a government officer or employee, or with an agent of either, and he, by undue persuasion, incitement, or deceitful means, induced the accused to commit the act which the accused would not have committed except for the conduct of such officer." OCGA § 16-3-25. The defense of entrapment is raised when the idea of the commission of the crime originated with the state agent, the crime was induced by the agent's undue persuasion, incitement, or deceit, and the accused was not predisposed to commit the crime. *Keaton v. State*, 253 Ga. 70, 71 (316 SE2d 452). The predisposition of the defendant against committing the crime is a key element of the defense. *Oswell v. State*, 208 Ga. App. 883 (432 SE2d 586).

Considering Rutledge's testimony in its entirety, we find that a charge on entrapment was not warranted because the defense of entrapment even as to Count 1 was not raised by the evidence. As this error was to Rutledge's benefit, however, we further find that this error was harmless. Even though Rutledge's testimony was that he had possession of the marijuana and methamphetamine on both March 10 and 11 because Stoker asked him to keep the drugs and that he was afraid to throw them away, this testimony is not sufficient to show that he was not predisposed to commit these offenses.

Although Rutledge's testimony alleged that this plan originated with Stoker, nothing in the evidence shows that Rutledge was not a willing participant in the offenses. Therefore, no charge was required. *Oswell v. State*, supra at 884. Accordingly, the trial court did not err by refusing to charge that the defense applied to Count 3, possession of marijuana with intent to distribute within 1,000 feet of a high school on March 11, 1994; Count 4, possession of methamphetamine on March 10, 1994; Count 5, possession with intent to distribute more than one ounce of marijuana on March 11, 1994.

Further, because there was no evidence that Stoker in any manner induced Rutledge to transfer or sell the marijuana on March 11, however, the trial court also did not err by refusing to charge on entrapment as to that offense.

2. Rutledge also contends the trial court erred by denying his motion for a directed verdict because the State did not rebut the defense of entrapment. "After a defendant presents a prima facie case of entrapment, the burden is on the [S]tate to disprove entrapment beyond a reasonable doubt. . . . [W]here there is no conflict in the evidence, and all the evidence prior to the entrapment that is introduced, with all reasonable deductions and inferences, demands a verdict of acquittal, the trial judge must direct a verdict of acquittal. [Cits.] The government's burden is far greater than merely impeaching the accused, it 'must go further and contradict this witness' testimony as to the affirmative defense.' " *Hill v. State*, 261 Ga. 377 (405 SE2d 258); *Wilkey v. State*, 203 Ga. App. 1 (416 SE2d 350). Because the State rebutted Rutledge's testimony that he was entrapped by Stoker to commit these crimes, we find that the trial court did not err by denying Rutledge's motion for a directed verdict of acquittal. Although there is no specific evidence that Rutledge was predisposed to commit these offenses and the testimony from the police was that they had not heard of Rutledge until he was brought to their attention by Stoker tended to confirm the defense, Stoker's testimony that he did not make or trick Rutledge into carrying around the drugs is sufficient to rebut Rutledge's testimony within the meaning of *Hill v. State*, supra. Accordingly, this enumeration of error is without merit.

3. Rutledge's contention that the trial court erred by refusing to give a charge on simple possession of marijuana as a lesser included offense of Count 2 is without merit. The only evidence regarding Count 2 is the State's evidence that marijuana was sold and Rutledge's testimony that he transferred the marijuana to another person to keep for him. In neither of these circumstances is simple possession of marijuana raised by the evidence. As there was no evidence that Rutledge simply possessed the marijuana, the trial court did not err by refusing to charge on that offense. See *State v. Alvarado*, 260 Ga. 563, 564 (397 SE2d 550).

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED JULY 12, 1995 —
RECONSIDERATION DENIED JULY 26, 1995 — ▮▮▮▮▮▮

*August F. Siemon III*, for appellant.

*T. Joseph Campbell, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.