## A98A0709. KING v. THE STATE.
(501 SE2d 19)

BLACKBURN, Judge.

Etheridge King, Jr. was convicted of aggravated assault, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. King, who represented himself at trial,[1] appeals, contending that he did not knowingly and voluntarily waive his right to counsel. For the reasons discussed below, we affirm.

"In determining whether or not an accused has adequately waived his right to counsel and elected to exercise his constitutional right to represent himself, the courts will apply the standard set forth in *Johnson v. Zerbst*, 304 U. S. 458 (58 SC 1019, 82 LE 1461) (1937). . . . 'A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.' *Johnson v. Zerbst*, supra at 464. It is also clear from *Johnson v. Zerbst* that the trial judge has the responsibility of determining whether the accused has intelligently waived his right to counsel. 'The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused — whose life or liberty is at stake — is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record.' *Johnson*, at 465." *Clarke v. Zant*, 247 Ga. 194, 196 (275 SE2d 49) (1981).

In arguing that his waiver of the right to counsel should be considered invalid, King relies on the statement in *Clarke*, supra, that "in future cases, the record should reflect a finding on the part of the trial court that the defendant has validly chosen to proceed pro se. The record should also show that this choice was made after the defendant was made aware of his right to counsel and the dangers of proceeding without counsel." Id. at 197. Specifically, King argues that he was not adequately informed of the dangers of proceeding pro se.

---

[1] We note that the trial court required an attorney to sit at King's table during trial for consultation if King so desired; however, this attorney was not appointed to and did not represent King during the trial.

"There is no magic language that must be used by a trial judge in determining that a defendant has made a valid waiver of his right to counsel. Rather, such determination must depend upon the particular facts and circumstances of each case." *Reviere v. State*, 231 Ga. App. 329, 330 (498 SE2d 332) (1998). In addition to the trial court's discussion with King on his self-representation, King had personal experience in this area, as he had previously represented himself in a trial in which he was convicted of aggravated assault against the same victim. King knowingly chose to proceed pro se and was well acquainted with the deficiencies of selected counsel and his inexperience with the process. Under the facts of this case the trial court did not err in allowing King to represent himself, and King cannot complain of his own poor choices. It is unlikely that the result would have been any different had King been represented by Solon himself. A defendant is entitled only to a fair trial, not a miracle.

Even had the trial court erred in allowing King to represent himself, any such error was harmless beyond a reasonable doubt. Both the State's case and King's defenses were straightforward, and King was able to draw on his prior trial experience. The evidence against King was not only substantial but overwhelming. It consisted of eyewitness testimony from several witnesses who were eyewitnesses to the crimes for which King was tried. King has failed to demonstrate how his representation of himself affected the jury's verdict. In light of the overwhelming evidence of King's guilt, the error, if any, in allowing him to represent himself was harmless. See, e.g., *Rutledge v. State*, 224 Ga. App. 666, 670-671 (482 SE2d 403) (1997).

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MARCH 31, 1998.

*Lewis J. Patterson*, for appellant.
*Fredric D. Bright, District Attorney, Shelley S. Tice, Assistant District Attorney*, for appellee.