## A00A0814. THRASHER v. THE STATE.
### (534 SE2d 439)

ANDREWS, Presiding Judge.

Willie Gene Thrasher appeals from the judgment entered after a jury found him guilty of possession of cocaine. Thrasher claims the trial court erred in allowing the State to introduce evidence of a prior conviction when he had not placed his character in evidence. Because we conclude that the evidence was properly admitted to impeach Thrasher's testimony, we affirm.

The evidence at trial, taken in the light most favorable to support the verdict, was as follows. After a deputy sheriff stopped Thrasher for speeding, he recognized Thrasher and remembered there was an outstanding warrant for his arrest. The officer arrested Thrasher and took him back to the county jail. After they entered the building, the deputy saw Thrasher stop, turn sideways, and drop a bag or some other object down by his foot. As Thrasher stepped forward, he dragged his foot over the bag and left a line of an off-white powdery substance about four or five feet long. The substance was later tested and identified at trial as cocaine.

Thrasher testified in his own defense and said he did not drop the bag; instead, he claimed it was already on the floor when he walked in the door. He said he dragged the bag along with his foot because he thought there was food in it and he was hungry.

On cross-examination, the prosecutor asked Thrasher why he did not ask the deputy about the bag. Thrasher said he did not know what to say to him. Then the prosecutor asked: "You were exercising authority over that substance by sliding it across the floor; is that right?" Thrasher replied: "Yeah, I slid it across the floor, no doubt about it, but I didn't have no idea what it was, no idea. If I knew it was cocaine, ain't no way in the world I'd put my foot on it." The prosecutor asked: "Why not?" Thrasher replied: "Because I don't fool with that." After Thrasher made this statement, the trial court allowed the prosecutor, over objection, to ask Thrasher about a previous conviction for selling cocaine.

Thrasher contends on appeal that the trial court erred in allowing evidence of the prior conviction. Relying on *Jones v. State,* 257 Ga. 753 (363 SE2d 529) (1988), he argues that this was an inadvertent statement of good conduct which did not put his character in issue.

OCGA § 24-9-20 (b) provides that if a defendant in a criminal

case testifies in his own behalf, he may be examined and cross-examined as any other witness, except that no evidence of general bad character or prior convictions is admissible unless and until the defendant first puts his character in issue. But, even in situations where the defendant has not placed his character in issue within the meaning of OCGA § 24-9-20 (b), when a defendant testifies and falsely denies past criminal conduct or misdeeds, the State may introduce evidence that reflects negatively on the defendant's character insofar as that evidence "proves the falsity of specific testimony of the defendant." (Citation, punctuation and emphasis omitted.) *Jones*, supra at 759. See also *King v. State*, 203 Ga. App. 287, 289 (416 SE2d 842) (1992) (prior conviction involving drugs was admissible to refute defendant's testimony denying drug use); *Sanders v. State*, 199 Ga. App. 671, 672-673 (405 SE2d 727) (1991) (prior marijuana conviction admissible to rebut defendant's statement that he did not use drugs).

Here, as in the cases cited above, the prior conviction was admissible, not as evidence of bad character but to rebut Thrasher's previous testimony. As such, the evidence constituted impeachment, not character evidence, and the trial court properly admitted it.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED APRIL 25, 2000.

*Chapman & Pope, Russell W. Pope,* for appellant.
*Alan A. Cook, District Attorney, Brian M. Deutsch, Assistant District Attorney,* for appellee.