A00A1287. DONALDSON v. THE STATE.
(534 SE2d 839)

ELDRIDGE, Judge.
A Chatham County jury found David Donaldson guilty of forcible rape,[1] aggravated child molestation, and furnishing alcohol to a minor. He appeals. In consideration thereof, we find the following.

---

[9] Id.
[1] The State indicted Donaldson for the offense of forcible rape, charging him with the perpetration of the single offense in two different ways under Counts 1 and 2 of the indictment. The jury convicted on both, and Count 2 was merged into Count 1 for sentencing purposes. Thus, one conviction for rape is before this Court on appeal.

1. First, evidence is sufficient as a matter of law if, when viewed in the light most favorable to the verdict, "a rational trier of fact could find all the essential elements of the crimes charged beyond a reasonable doubt. [Cit.]" *Elrod v. State*, 238 Ga. App. 80, 81-82 (517 SE2d 805) (1999). In this case, the evidence is sufficient to withstand Donaldson's challenge. The 15-year-old victim testified in detail regarding the act of forcible sexual intercourse 45-year-old Donaldson perpetrated against her, after Donaldson first purchased a fifth of tequila which he shared with her.[2] The victim testified that she attempted to push Donaldson off her and stated repeatedly "no," "don't," and "stop." She later told an outcry witness that "he made me do it." Medical evidence showed that the victim's inner thigh was bruised; her external genitalia were swollen and red, causing "irritation and pain"; and she suffered an internal vaginal abrasion consistent with trauma.

This Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 239 Ga. App. 608 (521 SE2d 654) (1999). On the record before us, a rational jury could find beyond a reasonable doubt the elements of the offenses with which Donaldson was charged.

2. Totally without merit is Donaldson's next contention that the trial court charged the jury that "rape is forcible as a matter of law when the victim is under 16 years old." No such charge was given. To the contrary, the trial court charged the jury that the State must prove the element of force. The trial court also charged the jury — correctly — that a female victim under the age of 16 is deemed by law to be incapable of *consenting* to an act of sexual intercourse. See *State v. Collins*, 270 Ga. 42, 43 (508 SE2d 390) (1998).[3]

3. We find no error in permitting the "sexual assault nurse examiner" to testify as to what the victim told her regarding the incident. What the victim told the nurse was consistent with the victim's trial testimony and, thus, was admissible as a prior consistent statement:

> Where the veracity of a witness is at issue, and that witness is present at trial, under oath, and subject to cross-examination, that witness' prior consistent out-of-court statement is admissible as substantive evidence of the matter asserted. [Cits.]

---

[2] "The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8.

[3] "The fact that a victim is under the age of consent may supply the 'against her will' element in a forcible rape case since it shows that the victim is incapable of giving legal consent." *State v. Collins*, supra at 43.

*Rattansay v. State*, 240 Ga. App. 165, 166 (1) (a) (523 SE2d 36) (1999). *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985). We reject Donaldson's contention that the veracity of the victim's testimony was not at issue during trial and, thus, the nurse's testimony was inadmissible as a prior consistent statement. The entry of Donaldson's "not guilty" plea placed the veracity of the victim and her version of events at issue. *Rattansay v. State*, supra at 166 (after the victim testified at trial, her prior statement supporting an element of the charge was admissible as substantive evidence under *Cuzzort*).

4. Next Donaldson contends that the trial court erred by failing to merge for sentencing purposes his conviction on Count 3 for aggravated child molestation into his conviction on Count 1 for rape. We are compelled to agree.

A crime is an included crime and multiple punishment therefor is barred if it is the same as a matter of fact or as a matter of law. A crime is so included when "[i]t is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged." OCGA § 16-1-6 (1). Where a victim is under the age of consent, "the offense of child molestation may be included as a matter of fact in an indictment charging the offense of rape." (Citations omitted.) *Pruitt v. State*, 258 Ga. 583, 589 (13) (e) (373 SE2d 192) (1988); *Caldwell v. State*, 263 Ga. 560, 562 (2) (436 SE2d 488) (1993).

Here, it is undisputed that there was but one act of forcible sexual intercourse and that both the rape count and the aggravated child molestation count of the indictment are in fact based upon the same, single act of forcible sexual intercourse against "a female child under the age of 16 years." See *Andrews v. State*, 200 Ga. App. 47 (406 SE2d 801) (1991). Further, "[t]he evidence at trial established that the injuries sustained as a result of the rape were the same injuries as those specifically alleged in the indictment as the basis for the aggravated child molestation charge." *Caldwell v. State*, supra at 562. Under the evidence and the offense as charged, the forcible rape was both the act and the cause-in-fact of the injuries that formed the basis for the aggravated child molestation. The proof of one necessarily proved the other. See OCGA § 16-1-7 (a) (1). While it was proper to prosecute Donaldson for both rape and aggravated child molestation, "he should have been convicted and sentenced only for the rape. Accordingly, [Donaldson's] separate conviction and sentence for aggravated child molestation must be vacated." (Citations omitted.) *Caldwell v. State*, supra at 562-563.

5. Finally, Donaldson contends that his 1990 guilty plea to possession of cocaine offered in aggravation of sentence under Counts 1 and 4 of the indictment was considered improperly by the trial court. Donaldson alleges that he entered the plea without being advised of

the rights he was waiving, as required by *Boykin v. Alabama,* 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969).[4] In support of this contention, Donaldson shows that the transcript of the guilty plea hearing did not include an articulation of the *Boykin* rights and Donaldson's waiver thereof.

A plea of guilty that is invalid under *Boykin* may not be used to enhance punishment in a subsequent trial. Under the recent Supreme Court of Georgia decision of *Nash v. State,* 271 Ga. 281 (519 SE2d 893) (1999), when a defendant charged with a noncapital crime collaterally attacks a prior guilty plea introduced in aggravation of sentence, a series of "shifting" burdens ensues.

(a) First, the State has the initial burden "to prove both the existence of the prior guilty pleas and that the defendant was represented by counsel." (Citations omitted.) *Nash v. State,* supra at 285. In this case, the State met such burden.

(b) Thereafter, the burden shifts to the defendant to affirmatively show any irregularity with regard to the entry of the prior plea. A mere "naked assertion" by the defendant that his plea was not made knowingly and intelligently is insufficient to *affirmatively* show an irregularity in the entry of the plea. *Nash v. State,* supra at 285. A defendant can, however, meet this burden by producing:

> some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. Defendant can attempt to meet his burden of production with a transcript, with testimony regarding the taking of the plea, or with other affirmative evidence.

(Citation and punctuation omitted.) Id. Absent such affirmative showing, a trial court is entitled to rely on a "presumption of regularity" with regard to the plea process. Id.; *Rutledge v. State,* 237 Ga. App. 390, 394 (7) (515 SE2d 1) (1999).

In this case, Donaldson met his burden to affirmatively show a "procedural irregularity in the taking of the plea," since the guilty plea transcript did not establish that Donaldson was informed of the *Boykin* rights and knowingly waived them by the entry of his plea;

---

[4] Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Second, is the right to trial by jury. Third, is the right to confront one's accusers. We cannot presume a waiver of these three important federal rights from a silent record.
(Citations omitted.) *Boykin v. Alabama,* supra at 243 (5). See also *Parke v. Raley,* 506 U. S. 20 (113 SC 517, 121 LE2d 391) (1992).

thus, the transcript was not procedurally "perfect."[5]

(c) Once a defendant demonstrates an irregularity in the plea process, e.g., if the transcript of the prior plea is "anything less than a 'perfect' transcript," *Boykin v. Alabama*, supra, the burden then shifts *back* to the State. At this point, the State must:

> show that the plea was intelligently and voluntarily entered. The State may accomplish this end by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea; or (2) fill a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary. *Roberts v. Greenway*, 233 Ga. 473, 475 (1) (211 SE2d 764) (1975).

(Punctuation omitted.) *Barber v. State*, 231 Ga. App. 176, 177 (498 SE2d 758) (1998). In this case, the State failed to meet — or even recognize — such burden.

The evidentiary hearing on Donaldson's collateral attack of his 1990 guilty plea was incomplete, and thus, the trial court's consideration of such plea in aggravation of sentence was premature. Accordingly, we vacate Donaldson's sentences under Counts 1 and 4 of the indictment and remand this case to the trial court for a resentencing hearing wherein the "shifting" burdens of *Nash v. State*, supra, are recognized and followed. By this opinion, we do not preclude the imposition of sentences identical to the ones we now vacate under Counts 1 and 4 of the indictment, should the State meet its burden to show that Donaldson knowingly and voluntarily entered his 1990 guilty plea after being fully apprised of his rights, as required by *Boykin*.[6]

*Judgment affirmed as to Counts 1 and 4. Sentences on Counts 1, 3, and 4 vacated. Case remanded for resentencing on Counts 1 and 4 in a manner consistent with this opinion. Blackburn, P. J., and Barnes, J., concur.*

---

[5] *Nash v. State*, supra at 285. A "perfect" plea transcript is one that demonstrates "defendant's prior guilty plea was informed and voluntary, and made with an articulated waiver of the three *Boykin* rights. [Cit.]" Id. See footnote 4, supra, for the "three *Boykin* rights."

[6] In the court below, the State alluded to the possibility of calling Thomas Herndon, the attorney who represented Donaldson during the entry of his 1990 guilty plea, in order to affirm that Donaldson knowingly and voluntarily entered his plea after being made fully aware of his *Boykin* rights. The State's burden "to fill a silent record" may be met under such circumstances. See *Cazanas v. State*, 270 Ga. 130, 131-132 (508 SE2d 412) (1998); *Bailey v. Baker*, 232 Ga. 84, 86 (2) (a) (205 SE2d 278) (1974).

DECIDED MAY 18, 2000.

*Emory B. Bazemore*, for appellant.
*Spencer Lawton, Jr., District Attorney, Gregory M. McConnell, Assistant District Attorney*, for appellee.