## A00A0426. WHITE v. THE STATE.
(536 SE2d 180)

MILLER, Judge.

A jury found Brian Charles White guilty of one count of trafficking in cocaine, one count of possession of cocaine with intent to distribute, and two counts of possessing and selling cocaine. On appeal, he enumerates as error the denial of his motion for directed verdict and the court's jury instruction on the law of entrapment.

1. White contends that the trial court erred in denying his motion for directed verdict of acquittal, arguing the State failed to rebut his defense of entrapment. A detective purchased cocaine twice from White, including once through an informant (White's former live-in girlfriend). In the first transaction on May 14, 1998, the informant made the exchange of cocaine and money between White and an undercover detective. In the second transaction on May 22, 1998, the same undercover detective went to White's home with another detective and purchased less than an ounce of cocaine. Detectives then obtained a search warrant for White's home where they found more than $2,000 in cash and about 40 grams of cocaine on White's person.

White contends that the informant induced his involvement in the transactions and that the State's use of his common law wife as an informant is "entrapment per se." Under OCGA § 16-3-25:

[a] person is not guilty of a crime if, by entrapment, his conduct is induced or solicited by a government officer or employee, or agent of either, for the purpose of obtaining evidence to be used in prosecuting the person for commission of the crime. Entrapment exists where the idea and intention of the commission of the crime originated with a government officer or employee, or with an agent of either, and he, by undue persuasion, incitement, or deceitful means, induced the accused to commit the act which the accused would not have committed except for the conduct of such officer.

"When a defendant raises this defense and testifies to it at trial, it is the State's burden to disprove the defense beyond a reasonable doubt."[1]

White testified that (1) the informant asked him for drugs and (2) he would get them for her because he loved her. Even if this were true, White himself testified that he purchased the cocaine to sell to the undercover agent on his own initiative, that he sold cocaine for about six months prior to his arrest, and that he sold it to three or four close friends in addition to providing it to the informant. "The predisposition of the defendant against committing the crime is a key element of the defense."[2] This testimony clearly shows that White had a predisposition to commit the offenses charged.

White's own testimony rebutted his claim that he was entrapped, and we find no authority that the use of a defendant's

---

[1] (Citation omitted.) *Wilcox v. State*, 229 Ga. App. 227, 229 (1) (493 SE2d 724) (1997).
[2] (Citation omitted.) *Rutledge v. State*, 218 Ga. App. 130, 132 (1) (460 SE2d 551) (1995).

common law spouse[3] as an informant is "entrapment per se." Thus, the trial court correctly denied White's motion for a directed verdict.[4]

2. White argues the trial court erred in its charge to the jury on the law of entrapment. Specifically, he argues that the court's use of the word "already" in the instruction was ambiguous. The court's charge, however, was taken verbatim from the charge White requested on the issue. "That being so, any error in the charge was induced and cannot now be relied upon to seek a reversal."[5]

White also argues that the court should have instructed the jury that the State had to prove beyond a reasonable doubt that the defendant had a predisposition to violate the law before the government intervened. Even if such were required, the court's instruction that the State has the burden of proving beyond a reasonable doubt that the defendant was not entrapped sufficed.

*Judgment affirmed. Pope, P. J., and Smith, P. J., concur.*

DECIDED JUNE 13, 2000.

*Ralph J. Hunstein*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.

---

[3] There was testimony that the informant had not lived with White since 1997.

[4] See id. at 133 (2); see also *Wilcox*, supra, 229 Ga. App. at 229-230 (1).

[5] (Citation omitted.) *Brown v. State*, 262 Ga. 833, 834 (4) (426 SE2d 559) (1993); see *Emerson v. State*, 222 Ga. App. 596 (1) (474 SE2d 638) (1996); *Griffith v. State*, 188 Ga. App. 789, 790 (374 SE2d 359) (1988).