## A01A1487. KNIGHT v. THE STATE.
### (553 SE2d 670)

BARNES, Judge.

A jury convicted William Knight of rape and statutory rape. The trial court merged the convictions and sentenced him to life in prison without parole. He appeals, arguing only that the State presented insufficient evidence of penetration to sustain the convictions. We disagree and affirm the trial court.

We view the evidence on appeal in the light most favorable to the verdict and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. *Taylor v. State,* 226 Ga. App. 254, 255 (485 SE2d 830) (1997).

Viewed in the light most favorable to the verdict, the evidence at trial established that the 15-year-old victim was a patient at a spinal center. She had been paralyzed in an automobile accident two months earlier, leaving her without feeling from her mid-breast down, unable to move her legs or fingers, and able to move her arms only slightly.

The victim woke up around 5:00 a.m. to find Knight on top of her in the bed. The victim could see that Knight's pants were unzipped and pulled down a little, that his body was in contact with hers, with his hips moving right on top of her pelvis and private region. The victim could not feel anything and tried to fight him off, "but there

---

wasn't much to it."

After the victim reported the incident she was taken to the emergency room for an examination. An emergency room physician testified that she examined the victim. The doctor swabbed the inside of the victim's vaginal canal, then smeared glass slides with the swab. The slides were then dried and sealed inside a sexual assault kit that a police investigator then took to the Georgia Bureau of Investigation crime lab for analysis. Later, blood samples were obtained from Knight and the victim and taken to the crime lab.

A GBI crime lab forensic serologist and DNA analyst testified that he found sperm on the vaginal cervical smear taken from the victim. He analyzed the DNA in the sperm, along with DNA from the blood of the victim and Knight, and concluded that the sperm came from Knight or a close relative of his. The analyst testified that one in three billion Caucasian people and one in two billion African-American people would have the same DNA pattern found in Knight's blood and the sperm from the victim's vaginal cervical smear.

Knight argues on appeal that the evidence was insufficient to support his rape conviction because the State presented insufficient evidence of penetration. OCGA § 16-6-1 (a) defines rape as "carnal knowledge of [a] female forcibly and against her will" and further defines carnal knowledge as "any penetration of the female sex organ by the male sex organ." The penetration necessary to constitute rape "need be only slight and may be proved by indirect or circumstantial evidence." *Summerour v. State*, 242 Ga. App. 599, 603 (4) (530 SE2d 494) (2000). Even if the victim cannot testify regarding the act because she was unconscious, medical testimony may authorize the jury's finding that intercourse took place. *Moss v. State*, 160 Ga. App. 42 (2) (285 SE2d 776) (1981).

The victim testified that she saw that Knight's pants were pulled down, that his hips were contacting her pelvic region, and that he was moving his hips. Even though the victim also testified that she could not feel anything and did not know whether Knight was raping her at that point, an emergency room physician subsequently testified that the evidence she obtained from the victim's body, which later proved to contain Knight's sperm, came from inside the victim's vagina. The physician further testified that the vagina is ordinarily a closed area, so she "open[ed] it up to access all the way to the end of the vagina," and then used cotton tip swabs to collect secretions from the vagina and the opening in the center of the cervix. "Accordingly, we conclude that the evidence is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of penetrating the victim's sex organ with his sex organ in violation of OCGA § 16-6-1." *Burks v. State*, 246 Ga. App. 22, 24 (1) (538 SE2d 769)

(2000); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED AUGUST 8, 2001.

*Culp & Smith, John C. Culp*, for appellant.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.