## A01A1882. SCRUGGS v. THE STATE.

(558 SE2d 731)

MILLER, Judge.

Barry Scruggs was convicted of theft by receiving a motor vehicle. On appeal he contends that the trial court erred by (1) admitting into evidence a prior conviction for possession of drugs with intent to distribute, and (2) failing to limit the scope of the State's cross-examination of him about the prior drug conviction. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that on November 7, 2000, Scruggs asked Dorsel Frady if he could borrow Frady's truck. Frady agreed only to allow Scruggs to drive the truck up to the top of a hill so that Scruggs could receive a better signal for his cell phone. When Scruggs left and did not return with the truck, Frady reported the car as stolen to the police.

On November 10, an officer received a message from dispatch about the possible location of the stolen vehicle and went to the location to investigate. When the officer observed Scruggs and a companion sitting in the truck, he confronted them and arrested Scruggs.

At trial Scruggs testified that Frady had given him permission to drive the truck so that he could buy methamphetamine for Frady. Although Scruggs initially testified that he had sold drugs to Frady in the past and that he intended to supply Frady with drugs on the night that he borrowed the truck, he later denied that he was a drug dealer and further denied that he had ever possessed drugs with an intent to distribute them. Scruggs also denied that he had ever had any prior dealings with the police officer who arrested him for stealing Frady's truck.

On cross-examination the State introduced a certified copy of a bill of indictment against Scruggs for possession of amphetamine with the intent to distribute. Scruggs had pled guilty to the charge. The trial court allowed this indictment into evidence over objection. The State asked Scruggs questions about the details of the indictment and about the witnesses against him in the drug case, without any additional objection from Scruggs's counsel. Scruggs then admitted that he had possessed drugs with the intent to distribute in the past and also admitted that the police officer who arrested him for stealing Frady's truck was the same police officer who was a witness against him in his prior drug case.

1. Admission of evidence is a matter committed to the sound discretion of the trial court, and the trial court's evidentiary decisions will not be disturbed on appeal absent an abuse of discretion.[1]

---

[1] *Bradford v. State*, 221 Ga. App. 232, 234 (2) (471 SE2d 248) (1996).

Scruggs argues that the trial court abused its discretion by allowing the State to introduce evidence of his prior drug conviction. He contends that this evidence went to his character and could not be used to impeach him since the conviction involved a collateral matter. We discern no abuse of discretion here.

Evidence of a prior conviction is generally inadmissible unless a defendant first places his character in issue.[2] However, a witness may be impeached by disproving facts to which he has testified.[3] Even evidence that would be inadmissible if offered to impeach the defendant's character may be admissible to impeach the veracity of a witness.[4] Moreover, while a witness may not be impeached on a wholly immaterial matter, he may be impeached on collateral issues that are indirectly material to the issues involved in the case.[5]

Scruggs himself testified during his direct examination that the purpose of borrowing Frady's truck was to obtain drugs. He also admitted that he had sold drugs to Frady in the past. He then denied during cross-examination that he was a drug dealer and that he had ever possessed drugs with the intent to distribute them. He also denied having any prior dealings with the police officer who arrested him for stealing Frady's truck. The State was authorized to challenge the veracity of these statements, especially considering that Scruggs opened the door for such challenges based on his testimony that drugs were directly related to the purpose for which he took the truck. Although the prior conviction may have reflected poorly on Scruggs's character, "the line of questioning which opened the door to admission of this evidence was first introduced on direct examination of the defense witness."[6] We find no abuse of discretion here.

2. Scruggs further contends that even if the evidence of his prior drug conviction were properly admitted, the trial court erred by failing to limit the scope of the State's cross-examination of him on this prior conviction. Since Scruggs failed to make any objection during the cross-examination at the trial court level, the issue was not properly preserved for appeal.[7]

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED DECEMBER 26, 2001.

---

[2] OCGA § 24-9-20 (b).
[3] *Sanders v. State*, 199 Ga. App. 671, 672-673 (3) (405 SE2d 727) (1991); see *Thrasher v. State*, 243 Ga. App. 702, 703 (534 SE2d 439) (2000).
[4] *Krebsbach v. State*, 209 Ga. App. 474 (1) (433 SE2d 649) (1993).
[5] Id.
[6] (Citation omitted.) Id. at 475 (1).
[7] See *Pye v. State*, 269 Ga. 779, 787 (14) (505 SE2d 4) (1998).

*Philip C. Smith, District Attorney, Rand J. Csehy, Assistant District Attorney*, for appellee.