## A02A2405. KING v. THE STATE.
(578 SE2d 176)

MILLER, Judge.

Etheridge King was convicted following a jury trial on an aggravated assault charge and on two firearm possession charges. He moved for a new trial, arguing among other things that he received ineffective assistance of counsel. Following the denial of that motion, he appeals, contending that the court erred in (1) admitting a letter he authored containing threats against the victim and (2) ruling against him on his ineffective assistance claim. We discern no error and affirm.

Construed in favor of the verdict, the evidence showed that King shot a man in 1990 because of a dispute over a woman. Witnesses testified that after serving time for that crime, King in 1996 approached the same weaponless victim about the same woman, pointed a gun at him, and then viciously struck him in the head with the gun. King admitted to striking the victim with the gun and in fact gave a gun to the police when asked where the weapon was. King was charged with aggravated assault, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon.

King was initially convicted in 1997 on these charges, which this Court affirmed. *King v. State*, 231 Ga. App. 775 (501 SE2d 19) (1998). The United States Court of Appeals for the Eleventh Circuit reversed

that conviction on the ground that King was not given adequate warnings by the trial judge regarding his right to have the assistance of counsel at trial as guaranteed by the Sixth Amendment and remanded the case for a new trial.

Beyond the evidence set forth above, the State at the retrial introduced statements from a 1992 letter authored by King, in which King made threats against the victim. The jury found King guilty on all counts. The court denied his motion for new trial, and he now appeals.

1. King argues that the court erred in admitting statements from a 1992 letter, in which he made various threats against the victim and the woman at issue. Such statements, however, were relevant to show King's motive, intent, and bent of mind in committing the assault against the victim. *Wall v. State*, 269 Ga. 506, 509 (2) (500 SE2d 904) (1998); see *Dixon v. State*, 275 Ga. 232, 233 (2) (564 SE2d 198) (2002). The trial court did not err in admitting those statements.

2. King contends that he received ineffective assistance of counsel in four respects: (i) his attorney had inadequate time to prepare; (ii) his attorney did not interview witnesses prior to trial; (iii) his attorney failed to object to the incriminatory letter; and (iv) his attorney failed to request a psychological examination of King. We will address the first three points only, since King failed to raise the fourth point below either in his motion for new trial or in the hearing thereon and therefore the record was not perfected below to allow an opportunity to appeal on this point. See *Collins v. State*, 253 Ga. App. 899, 901 (2) (b) (560 SE2d 767) (2002); *Rogers v. State*, 247 Ga. App. 219, 231 (18) (a) (543 SE2d 81) (2000).

To show ineffective assistance, King bore the burden of showing both that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Stephens v. State*, 265 Ga. 120, 121 (2) (453 SE2d 443) (1995), citing *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984). We review the trial court's determination on these issues under a "clearly erroneous" standard. *Turner v. State*, 273 Ga. 340, 342 (2) (541 SE2d 641) (2001).

King first complains that he was appointed counsel only two weeks prior to trial, which he claims was inadequate time for counsel to prepare. Yet the record shows that as King requested, the appointment took place several months prior to trial. The reconfirmation of this appointment two weeks before trial did not mean that the appointment had not been effective in the meantime, nor did counsel understand it so to mean. In any case, the court was authorized to find that two weeks was adequate preparation time. See *Young v. State*, 245 Ga. App. 684, 685-686 (2) (538 SE2d 760) (2000).

King next contends that trial counsel failed to interview the State's witnesses. The record reflects, however, that counsel inter-

viewed some witnesses and that the testimony of other witnesses was available from King's first trial on the same charges. Counsel also met several times with King and discussed with him trial strategy. Counsel's thorough cross-examination of the State's witnesses confirmed that he was prepared. See *Turner*, supra, 273 Ga. at 343 (2) (b).

Finally, King claims that counsel failed to object to the incriminatory letter regarding his 1992 threats against the victim. As discussed in Division 1 above, the letter was admissible to show motive, and therefore any objection would have been futile. "Trial counsel's failure to pursue a futile objection does not constitute ineffective assistance." (Citation and punctuation omitted.) *Bogan v. State*, 255 Ga. App. 413, 415 (3) (a) (565 SE2d 588) (2002).

This Court scrutinizes ineffective assistance of counsel claims very carefully. However, in this case, the trial court did not clearly err in finding that King failed to meet his burden of showing ineffective assistance of counsel.

*Judgment affirmed. Johnson, P. J., and Blackburn, P. J., concur.*

DECIDED FEBRUARY 11, 2003.

*Green B. Moore III*, for appellant.
*Fredric D. Bright, District Attorney, Shelley S. Tice, Assistant District Attorney*, for appellee.