## A03A0989. CARSWELL v. THE STATE.
(589 SE2d 605)

MILLER, Judge.

Alfred Carswell, Jr. appeals from his conviction for aggravated assault. On appeal he raises seven enumerations of error, ranging from the State's alleged improper use of prior convictions to ineffective assistance of counsel. Since the State may have improperly used two of Carswell's prior convictions in aggravation of his sentence, we affirm the conviction but vacate Carswell's sentence and remand the case to the trial court for resentencing.

Viewed in the light most favorable to the verdict, the evidence reveals that one day while Carswell was sitting on his porch and drinking alcohol, he observed two youths throwing rocks and shouting obscenities at a man. Carswell told the two youths to leave the man alone or he would shoot them. Another youth then approached Carswell, swinging a belt at him, and told Carswell to leave the two boys alone. Carswell then pulled out a box cutter and cut the youth who was swinging the belt, injuring the boy's arm.

A jury found Carswell guilty of aggravated assault, and following the denial of his motion for new trial, Carswell appeals.

1. Carswell argues in his first enumeration, and the State concedes, that two prior convictions used by the State in aggravation of Carswell's sentence were improperly based on guilty pleas that Carswell may not have entered into voluntarily. Specifically, the transcripts relating to two of Carswell's prior convictions indicate that Carswell was not asked any of the voluntariness questions outlined in Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274)

(1969), to ensure that his guilty pleas were made voluntarily. See *Donaldson v. State*, 244 Ga. App. 89, 92-93 (5) (b) (534 SE2d 839) (2000). We therefore vacate Carswell's sentence and remand the case to the trial court for resentencing consistent with the requirements of *Donaldson*, pursuant to which the State will now have the burden of showing that the prior guilty pleas were made voluntarily before such pleas can be used in aggravation of Carswell's sentence. Id. at 93 (5) (c).

2. Appellant argues in two enumerations that the State should not have been allowed to introduce bad character evidence consisting of Carswell's prior convictions for aggravated assault (for shooting a gun at his wife), and for criminal damage to property (damaging a jail cell door in an attempt to escape from prison). Since Carswell first placed his character in issue through his own testimony and could further be impeached by this evidence based on his testimony, we discern no error.

Admission of evidence is a matter committed to the sound discretion of the trial court, and the trial court's evidentiary decisions will not be disturbed on appeal absent an abuse of discretion. *Bradford v. State*, 221 Ga. App. 232, 234 (2) (471 SE2d 248) (1996). Although evidence of a prior conviction is generally inadmissible, such evidence can be admitted if a defendant first places his character in issue. OCGA § 24-9-20 (b). In addition, a witness may be impeached by disproving facts to which he has testified (*Sanders v. State*, 199 Ga. App. 671, 672-673 (3) (405 SE2d 727) (1991)), and even evidence that would be inadmissible if offered to impeach the defendant's character may be admissible to impeach the veracity of a witness. *Krebsbach v. State*, 209 Ga. App. 474 (1) (433 SE2d 649) (1993). Moreover, while a witness may not be impeached on a wholly immaterial matter, he may be impeached on collateral issues that are indirectly material to the issues involved in the case. Id.

Carswell testified at trial that he had never confronted anyone and had always walked away from violent confrontations. He further testified that people in the community knew him as a nonviolent person. By so testifying regarding his good character and allegedly nonviolent demeanor, Carswell opened the door to character evidence that tended to show otherwise. See, e.g., *Scruggs v. State*, 253 Ga. App. 136, 137 (1) (558 SE2d 731) (2001).

3. Carswell argues in his second enumeration that the trial court erred in admitting, during the recidivist sentencing phase, Carswell's prior convictions for aggravated assault and criminal damage to property that had previously been admitted for impeachment purposes at trial. Without citing any directly applicable authority, Carswell argues that fundamental fairness requires that the State should

not have been allowed to use these prior convictions at sentencing. We disagree.

It is clear that a repeat offender convicted of aggravated assault may be sentenced as a recidivist pursuant to OCGA § 17-10-7 (a). See generally *Wainwright v. State*, 208 Ga. App. 777, 778-780 (2) (432 SE2d 555) (1993). There is no restriction in the aggravated assault statute that limits the use of prior convictions to the guilt-innocence phase of trial such that they cannot be used again at the sentencing phase of trial. See OCGA § 16-5-21; compare *King v. State*, 169 Ga. App. 444-445 (313 SE2d 144) (1984) (the State may not use same prior conviction to enhance sentence that it used at guilt-innocence phase to prove convicted-of-felony element of possession of firearm by convicted felon charge, since that crime has specific statutory scheme relating to use of prior convictions for sentencing defendant as a recidivist). The trial court did not err in considering these prior convictions during the sentencing phase.

4. In his fifth enumeration, Carswell challenges the court's charge on judging the credibility of a defendant who testifies on his own behalf. However, as the charge given in this case has already been approved by the Supreme Court of Georgia in *Johns v. State*, 239 Ga. 681, 684 (4) (238 SE2d 372) (1977), this contention is without merit. See also *Walker v. State*, 132 Ga. App. 274, 278 (5) (208 SE2d 5) (1974).

5. Carswell contends in his sixth enumeration that the trial court erred in giving a pattern charge to the jury that a witness's testimony could be impeached by proof that the witness had been convicted of a crime of moral turpitude. However, Carswell himself requested a pattern instruction on impeachment, and the State did not request an impeachment charge relating to crimes of moral turpitude. Thus, any alleged error in the giving of the pattern charge was of Carswell's own making, and he will not be heard to complain of the results here. See, e.g., *White v. State*, 244 Ga. App. 475, 477 (2) (536 SE2d 180) (2000).

6. In his final enumeration, Carswell contends that his trial counsel rendered ineffective assistance. Specifically, he contends that trial counsel was ineffective for failing to (a) object at trial to the admission of the character evidence consisting of Carswell's prior convictions for aggravated assault and criminal damage to property, (b) object at sentencing to the admission of the aggravated assault and criminal damage to property convictions that had previously been used for impeachment purposes at trial, (c) request a jury charge on "accident," and (d) investigate and object to the two prior convictions that were erroneously used in aggravation of Carswell's sentence. We address each argument in turn.

To prove ineffective assistance, Carswell was required to show

that counsel's performance was deficient and that this deficient performance prejudiced his defense. *Ellison v. State*, 242 Ga. App. 636, 638 (7) (530 SE2d 524) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The trial court's determination with respect to counsel's effectiveness will be upheld on appeal unless clearly erroneous. *Jackson v. State*, 209 Ga. App. 53, 56 (7) (432 SE2d 649) (1993).

(a) As we held in Division 2, the trial court properly admitted the prior convictions after Carswell placed his character in issue. Thus, any objection to the admission of these prior convictions would have been futile. The failure to pursue a futile objection does not amount to ineffective assistance. *King v. State*, 259 Ga. App. 589, 591 (2) (578 SE2d 176) (2003).

(b) Similarly, as we held in Division 3, the two prior convictions that were admitted for impeachment purposes at trial were also properly considered during the sentencing phase. An objection to these prior convictions being considered during the sentencing phase would also have been futile. See *King*, supra, 259 Ga. App. at 591 (2).

(c) Trial counsel testified at the motion for new trial hearing that her trial strategy was based on self-defense, not accident. In fact, counsel was not even aware of any alleged theory of "accident" until her client took the stand and changed his story. As such, she made a strategic decision to refrain from requesting a charge on accident. Strategic decisions and all other matters of trial strategy are the exclusive province of the attorney after consultation with the client and do not amount to ineffective assistance. See, e.g., *Mack v. State*, 242 Ga. App. 256, 258 (2) (c) (529 SE2d 393) (2000). Evidence supported the trial court's conclusion that Carswell failed to carry his burden of showing ineffective assistance.

(d) While it is true that counsel's performance may have been deficient for failing to investigate and object to the admission of the defective guilty pleas (see *White v. State*, 245 Ga. App. 725, 727 (4) (538 SE2d 797) (2000)), any harm resulting from such deficient performance is rendered moot based on our decision in Division 1 to remand this case to the trial court with direction to resentence Carswell consistent with the requirements of *Donaldson*, supra, 244 Ga. App. at 92-93 (5) (b).

*Judgment of conviction affirmed. Sentence vacated and case remanded for resentencing. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED OCTOBER 29, 2003.

*Jackson & Schiavone, Steven L. Sparger*, for appellant.

*Spencer Lawton, Jr., District Attorney, David T. Lock, Arvo H. Henifin, Assistant District Attorneys*, for appellee.