## A03A2449. LAY v. THE STATE.
### (591 SE2d 427)

RUFFIN, Presiding Judge.

A jury found Patrick Lay guilty of rape, aggravated child molestation, child molestation, and cruelty to children. The trial court merged the child molestation and cruelty to children counts into the aggravated child molestation count and sentenced Lay to life imprisonment for rape and twenty years of confinement for aggravated child molestation. Lay appeals, arguing that the evidence was insufficient to support the rape conviction. He further claims that the trial court erred in failing to merge the aggravated child molestation and rape counts at sentencing. For reasons that follow, we find the evidence sufficient to sustain the verdict as to rape, but agree with Lay that the trial court erred in sentencing him.

1. When reviewing Lay's challenge to the sufficiency of the evidence, we construe the evidence in the light most favorable to the verdict.[1] We do not weigh the evidence or resolve credibility issues, but merely determine whether " 'a rational trier of fact could find all the essential elements of the crimes charged beyond a reasonable doubt.' "[2]

Viewed in this manner, the evidence shows that the nine-year-old victim lived with her older brother and his family. On February 8, 2002, Lay, a family friend, spent the evening at the victim's house. When the victim's brother awoke the next morning, he saw Lay hiding against the wall in the victim's bedroom. The brother asked Lay what he was doing there, and Lay responded that he was " 'looking for [his] liquor bottle.' " The brother asked the victim whether Lay had hurt her. Although the victim said " 'no,' " the brother noticed that she was shaking and appeared scared. Suspecting that Lay had "tried something" with the victim, the brother called the police and took the victim to the hospital.

The victim testified that she awoke to find Lay standing in her room. She asked Lay to leave and he complied, but soon returned. At that point, Lay began to touch her chest, and he climbed onto her bed. The victim asked him to stop and tried to fight him off, but he continued. Lay removed the victim's underwear, took off his pants, and "touched his private parts on [her] private parts." According to the victim, Lay then moved "up and down" and "[i]t hurt." After the incident, the victim bled from her "private." She reported to the police that Lay had sex with her.

The emergency room nurse who examined the victim following the incident observed significant bleeding in the victim's vaginal

---

[1] See *Donaldson v. State*, 244 Ga. App. 89, 90 (1) (534 SE2d 839) (2000).
[2] Id.

area. She also noted tears or lacerations on the tissues surrounding the vaginal area, and when she looked inside the victim's vagina, she saw a tear on the cervix. The nurse testified that these injuries were consistent with penetration of a nine-year-old girl.

On appeal, Lay argues that the State presented insufficient evidence of penetration to sustain the rape conviction. We disagree. Under OCGA § 16-6-1 (a) (2), a person commits the offense of rape when he has "carnal knowledge" of a female who is less than ten years old. Carnal knowledge results "when there is any penetration of the female sex organ by the male sex organ."[3] The necessary penetration " 'need be only slight and may be proved by indirect or circumstantial evidence.' "[4]

As noted above, the victim reported to police that Lay had sex with her, and she testified that when Lay moved "up and down" on her "private parts" with his "private parts," it hurt. Furthermore, the emergency room nurse, who was certified as a sexual assault nurse examiner, testified that the victim suffered physical injuries consistent with penetration. Based on this evidence, the jury was authorized to conclude that Lay's sex organ penetrated the victim's sexual aperture in violation of OCGA § 16-6-1.[5]

2. We agree with Lay, however, that the trial court erred in failing to merge the rape and aggravated child molestation counts at sentencing. Under Georgia law,

[a] crime is an included crime and multiple punishment therefor is barred if it is the same as a matter of fact or as a matter of law. A crime is so included when it is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged. Where a victim is under the age of consent, the offense of child molestation may be included as a matter of fact in an indictment charging the offense of rape.[6]

The indictment in this case charged Lay with rape by having carnal knowledge of the victim. It also charged that Lay committed aggravated child molestation "by touching [the victim's] vaginal area[,] causing lacerations." According to the State, this touching

---

[3] OCGA § 16-6-1 (a) (2).

[4] *Knight v. State,* 251 Ga. App. 145, 146 (553 SE2d 670) (2001).

[5] See id.; *Skillern v. State,* 240 Ga. App. 34-35 (1) (521 SE2d 844) (1999); *Veal v. State,* 191 Ga. App. 445, 446 (1) (382 SE2d 131) (1989).

[6] (Citation and punctuation omitted.) *Donaldson,* supra at 91 (4).

occurred when Lay "move[d] up and down" on the victim's private parts with his private parts.

The State argues that the touching and the rape constituted two separate acts. The evidence, however, shows only one act of sexual intercourse between Lay and the victim. And the nurse testified that all of the injuries suffered by the victim, including the three vaginal tears or lacerations, were consistent with penetration of the victim's sexual cavity. To support the rape conviction on appeal, the State has also cited to these three lacerations as evidence of penetration.

It is clear, therefore, that the three lacerations in the victim's vaginal area occurred during the rape. Under these circumstances, the rape "was both the act and the cause-in-fact of the injuries that formed the basis for the aggravated child molestation[, and] proof of one necessarily proved the other."[7] Accordingly, although the State properly prosecuted Lay for both offenses, the trial court should only have convicted and sentenced him for the rape.[8] It follows that Lay's separate conviction and sentence for aggravated child molestation must be vacated.[9]

*Judgment affirmed in part and vacated in part. Case remanded for resentencing. Smith, C. J., and Miller, J., concur.*

DECIDED DECEMBER 1, 2003.

*Donna A. Seagraves*, for appellant.

*Timothy G. Madison*, District Attorney, *Robin R. Riggs*, Assistant District Attorney, for appellee.

---

[7] Id.

[8] See *Caldwell v. State*, 263 Ga. 560, 562 (2) (436 SE2d 488) (1993); *Donaldson*, supra.

[9] See *Caldwell*, supra at 563; *Donaldson*, supra.