## A06A1764. BARBER v. THE STATE.
### (640 SE2d 696)

RUFFIN, Chief Judge.

A jury found Daniel Earl Barber guilty of two counts of rape, four counts of aggravated child molestation, and two counts of cruelty to a child in the first degree. He was sentenced separately for each count. On appeal, Barber argues that certain counts should have merged for sentencing because they arose out of the same facts. Because we agree that some of the counts should have merged for sentencing, we affirm in part and reverse in part.

" 'Under Georgia law, offenses merge and multiple punishment is prohibited if one offense is included in the other as a matter of law or fact.' "[1] Here, Barber was charged in Counts 1, 2 and 3 of the indictment with rape, aggravated child molestation, and cruelty to a child in the first degree, all arising from a single incident of sexual intercourse with the ten-year-old victim. In Count 4, Barber was charged with aggravated child molestation for allegedly having oral sex with the victim on the same day.

In relation to a separate instance of sexual intercourse, Barber was charged in Counts 5, 6 and 7 of the indictment with rape, aggravated child molestation, and cruelty to a child in the first degree. In Count 8, Barber was again charged with aggravated child molestation for allegedly having oral sex with the victim during the assault.

The jury found Barber guilty on all counts, and he was sentenced separately as to each. Barber argues that Counts 1, 2, 3 and 4 should have merged for purposes of sentencing because they all arose from a single act of sexual intercourse, and that Counts 5, 6, 7 and 8 likewise should have merged.

---

[1] *Dorsey v. State*, 265 Ga. App. 404, 406 (2) (593 SE2d 945) (2004).

1. The State concedes, and we agree, that Barber's convictions for aggravated child molestation in Counts 2 and 6 merge with his convictions for rape in Counts 1 and 5.[2] Accordingly, his convictions and sentences for aggravated child molestation on Counts 2 and 6 must be vacated.[3]

2. Barber asserts that his convictions for rape and cruelty to a child also should have been merged for sentencing. Cruelty to a child in the first degree is defined as "maliciously caus[ing] a child under the age of 18 cruel or excessive physical or mental pain."[4] Counts 3 and 7 of the indictment charged Barber with "maliciously caus[ing] [the victim], a child under the age of 18, cruel and excessive physical and mental pain by thrusting his penis into said child's vagina." The State contends that the convictions do not merge because there was additional evidence, beyond that necessary to prove rape, that the rapes caused the victim cruel and excessive physical and mental pain.

It is for a jury to decide what constitutes cruel or excessive mental or physical pain.[5] The evidence in this case showed that, after the rapes, the victim was upset, fearful, and did not feel safe in her home. She cried repeatedly when recounting the episodes to a counselor. This evidence is sufficient to demonstrate cruelty to a child as a separate offense from the rape, and thus the offenses do not merge.[6]

3. Finally, although Counts 4 and 8 are not referenced in his enumeration of error, Barber contends that his convictions for aggravated child molestation in Counts 4 and 8 should have merged with his rape convictions because the acts of oral sodomy were "part and parcel of the sexual intercourse." Barber waived this argument by failing to include it in his enumeration of error.[7] Furthermore, Barber was charged with "plac[ing] his mouth upon and lick[ing] [the victim's] vagina" on two separate occasions. Because the offense of oral

---

[2] See *Lay v. State*, 264 Ga. App. 483, 484-485 (2) (591 SE2d 427) (2003).

[3] See id.

[4] OCGA § 16-5-70 (b).

[5] See *Alford v. State*, 243 Ga. App. 212, 214 (3) (534 SE2d 81) (2000).

[6] See id. (testimony that victim was depressed and fearful after rape sufficient to support finding of cruelty to child); *Keith v. State*, 279 Ga. App. 819, 822 (3) (632 SE2d 669) (2006) (evidence that victim became upset when recounting incidents and underwent counseling sufficient to support finding of cruelty to child); *Currington v. State*, 270 Ga. App. 381, 385 (2) (606 SE2d 619) (2004) (testimony about victim's emotional problems caused by rape sufficient to support finding of cruelty to child).

[7] See *Garlington v. State*, 268 Ga. App. 264, 273 (6) (601 SE2d 793) (2004) (" 'Statements in the briefs cannot enlarge or alter the scope of review to include issues not reasonably contained in the enumeration of error.' ").

sodomy with which he was charged contains at least one element not contained in the offense of rape, the two offenses "cannot merge as a matter of law."[8]

*Judgment affirmed in part and reversed in part. Case remanded for resentencing. Smith, P. J., and Phipps, J., concur.*

DECIDED DECEMBER 21, 2006.

*Willie C. Weaver*, for appellant.

*Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellee.

---

[8] *Johnson v. State*, 195 Ga. App. 723, 724 (3) (394 SE2d 586) (1990); see *Garland v. State*, 213 Ga. App. 583, 584 (4) (445 SE2d 567) (1994).